Mary Hollingsworth WILLIAMS et al., Petitioners,

v.

Dorris HOLLINGSWORTH et al., Respondents.

No. B–7375.

Supreme Court of Texas.

May 24, 1978.

Jack K. Smith, Corsicana, for petitioners.

Bondurant & Tubb, William L. Bondurant, Arlington, Morehead, Sharp, Tisdel & White, Erwin Davenport, Plainview, for respondents.

BARROW, Justice.

Mary Hollingsworth Williams, John L. Hollingsworth, Jr., William B. Hollingsworth and Jack Hollingsworth, who are children of John L. Hollingsworth, a deceased son of Ione D. Hollingsworth, filed suit in the Probate Court of Tarrant County to set aside the probate of the will of said Ione D. Hollingsworth. The will gave each of the contestants $100 and, after making certain specific devises and bequests to Borden B. Hollingsworth, divided the residue of the estate equally between Borden and Dorris Hollingsworth, the surviving sons of decedent. Answers were filed on behalf of Borden B. Hollingsworth, individually and as independent executor of the estate, and Dorris Hollingsworth.

Contestants and the independent executor appeared when the case was set for trial and announced to the court that they had entered into a settlement of the controversy whereby contestants would receive the sum of $8,000 from the residue of the estate and the will would otherwise stand as probated. The probate court rendered judgment pursuant to this settlement agreement after receiving written approval of the judgment by the attorneys for contestants and the independent executor. Dorris Hollingsworth was not present or represented at the hearing, and upon learning of the agreed judgment, he perfected this appeal. The court of civil appeals held that the agreed judgment was not proper and that contestants had abandoned their contest of the will by failing to introduce any evidence. It reversed the judgment of the probate court and ordered that contestants' cause of action be dismissed. 559 S.W.2d 111. We reverse the judgment of the court of civil appeals and remand the cause to the probate court.

The court of civil appeals correctly held that in the absence of any agreement in conformity with Rule 11, Tex.R.Civ.P.,[1] between *all* parties or their attorneys, the probate court erred in awarding contestants the sum of $8,000 from the residue of the estate. It is a settled rule that a valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288 (1951). Nei-

1. Rule 11 states: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

ther Dorris Hollingsworth nor his attorney consented to this agreed judgment although one half of the settlement proceeds was to be paid from his part of the residuary. He timely perfected this appeal and the consent judgment was properly set aside.

 The court of civil appeals erred, however, in concluding that contestants had abandoned their contest of the will and in rendering judgment that the cause be dismissed. This erroneous conclusion was based on the rule established prior to the abolishment of trial de novo in the district court. Jury trials were not available at that time for probate matters in the county court and there was a tendency for some contestants to offer as little of their evidence as possible in the county court so as to save the main thrust of their contest for the district court trial. However, since the burden of proof is upon the contestant in a suit to set aside an order admitting a will to probate, the rule developed that, if a contestant failed or refused to offer evidence in the county court in support of his cause of action, he had abandoned his suit and he lost his right to assert his cause of action in the district court. *See Cullinan v. Cullinan,* 154 Tex. 247, 275 S.W.2d 472 (1955); Erisman, *The Contested Will Case,* 1 St. Mary's L.J. 37, 41 (1969).

We doubt that the rule of abandonment remains viable with the abolishment of the right to a trial de novo in the district court.[2] In any event, it is clear that contestants here did not abandon their contest. To the contrary, they clearly presumed that they had settled the dispute by reducing the settlement to a judgment which was approved and signed by the attorneys for contestants and for the independent executor.

The judgment of the court of civil appeals is reversed and the cause is remanded to the probate court.

2. Article 5, Section 8 of the Texas Constitution was amended on November 6, 1973 to give district courts concurrent original jurisdiction with the county courts in addition to the appellate jurisdiction and general control over probate matters which they had been granted previously. The amendment also gave the Legislature the discretion to expand or reduce the