OWEN CHARLES DAVIS, TRUSTEE OF THE DAVIS FAMILY TRUST V. LESLEE ANN DAVIS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-00-436-CV

OWEN CHARLES DAVIS, APPELLANT

TRUSTEE OF THE DAVIS FAMILY TRUST

V.

LESLEE ANN DAVIS APPELLEE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Owen Charles Davis, acting as trustee of the Davis Family Trust (Trust), appeals the marital property distribution of a final divorce decree raising five points: 1) this court lacks jurisdiction over the appeal because there is no final judgement where the trial court failed to dispose of counterclaims and third party claims brought by Charles Davis in response to an intervention filed after the rendition of judgment in open court; 2) the final Decree of Divorce is vague and uncertain and is, therefore, void for vagueness; 3) the trial court lacked authority to vacate an agreed decree of divorce on its own motion; 4) the trial court abused its discretion by denying the motion for continuance of the trustee; 5) the trial court did not have statutory authority to make a direct award of attorney’s fees to the intervenors in their action against the Trust, and it did not have authority for awarding attorney’s fees directly to the attorneys of Leslee Davis for claims derivative of her prosecution and defense of suit.

FACTS

Leslee Davis and Charles Davis married on August 19, 1989.  In 1990, Charles Davis established the Trust and began to funnel community property of the marriage into it.  In March, 1996, Leslee filed for divorce from Charles and sought appointment as sole managing conservator of their three minor children. Leslie also requested a division of marital property.  She named the Trust as a party to the suit, seeking injunctive relief to prevent Charles from removing funds from the Trust.  

Leslee alleged that a civil conspiracy existed between Charles and members of his family to create and use the Trust and other entities controlled by Charles for the purpose of concealing and defrauding her of her community property.  In January, 1999, Leslee joined Pantheon Transport, L.L.C. alleging that the company contributed to the conspiracy against her and that the Trust had made fraudulent transfers to Pantheon. 

On October 6, 1999, appellees Jeffrey Kaitcer and the law firm of Loe, Warren, Kaitcer, Rosenfiled, and Hibbs, P.C., (The Firm) intervened to recover attorney’s fees from Leslee.  The intervenors also sought judgment for the recovery of court-ordered discovery sanctions from Charles, and from Scott Davis, Mary Davis, and Owen Davis individually and as trustee of the Trust. 

The trial court entered an Agreed Decree of Divorce on October 13, 1999.  The agreement included Leslee and Charles Davis, their children, Owen Davis, individually and as trustee of the Trust, Mary Davis, Scott Davis, Erica Davis, and Pantheon.  Judge John Narsuitis signed the decree on October 13, but vacated the same decree on his own motion without a hearing on October 18, 1999.  After a series of hearings, Judge Farris signed a Final Decree of Divorce on September 19, 2000.  Charles Davis and various other parties gave notice of appeal.  This court dismissed all of the appeals for want of prosecution except for the appeal of Owen C. Davis as trustee of the Trust.

STANDARD OF REVIEW

Where a reporter’s record is not requested, the trial court's findings of fact are conclusive, and we presume that sufficient evidence was introduced to support the findings and the judgment based on them.  
Bryant v. United Shortline, Inc.,
 972 S.W.2d 26, 31 (Tex. 1998); 
Peacock v. Bradshaw,
 145 Tex. 68, 194 S.W.2d 551, 554 (1946).  In a bench trial, we still consider questions of law even if no reporter’s record is requested.  
Segrest v. Segrest,
 649 S.W.2d 610, 611 (Tex.), 
cert. denied,
 464 U.S. 894 (1983); 
Little v. McAninch
, 896 S.W.2d 199, 201 (Tex. App.—Houston [1
st
 Dist.] 1994, writ denied).

FINALITY OF DECISION

In Appellant’s first point on appeal, he contends that the final decree of divorce was not final for appeal purposes.  Appellant claims that the trial court did not dispose of Charles Davis’s counterclaims and third party claims brought in response to an intervention filed after the rendition of judgment in open court.  Alternatively, he argues the intervention was not authorized after rendition of judgment and relief granted to the intervenors is a nullity.

The supreme court has recently determined what a judgment must include in order to be considered final and appealable.  In recent cases, the supreme court has ruled
 that a Mother Hubbard clause by itself does not make an order or judgment final.  
See Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 192 (Tex. 2001) (holding that “a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment”).  

In the present case, the trial court held a bench trial and then rendered judgment.  Only after hearing all the evidence in the trial did the trial court issue a final judgment with a Mother Hubbard clause in it.  Because the Mother Hubbard clause was included in the final judgment rendered after a bench trial, the judgment was final for the purposes of appeal.  
Lehman
, 39 S.W.3d at 192.   In Appellant’s alternative complaint, he states that we should hold the trial court’s judgment as to the intervenors invalid and of no effect because the trial court lacked jurisdiction to rule on this point.  We will not decide this issue because Appellant has no standing to challenge this portion of the ruling.  Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. 
Torrington Co. v. Stutzman
, 46 S.W.3d 829, 843 (Tex. 2000).  In the present case, Appellant has failed to show how the negative ruling against Charles Davis affected the Trust’s legal interests.  We overrule Appellant’s first point on appeal.

CLARITY OF FINAL DECREE OF DIVORCE

Appellant contends in his second point on appeal that the final decree of divorce is void for vagueness and uncertainty because it imposes duties against Appellant toward property that the judgment does not sufficiently identify. Appellant argues that the decree of divorce does not identify specific real or personal property titled in the name of the Trust or its affiliated entities. Appellant claims the trial court’s error places an impossible burden on him to determine what property the judgment covers and a danger exists that the vague judgment might negatively effect innocent property. 

Appellant has not provided a reporter’s record of the numerous hearings that the trial court held in this case, but upon close review of the clerks’ record and the trial court’s findings of fact and conclusions of law, we see that Appellant and the other members of the Trust used it as a vehicle to defraud Leslee Davis.  Appellant participated in perpetuating the fraudulent transfers of Leslee Ann Davis’s community property.  

During discovery, Appellant along with the other members of the Trust unlawfully resisted proper discovery.  In fact, the trial court struck Appellant’s pleadings, imposed monetary sanctions, and restricted his ability to file more pleadings until he paid the sanction.  The trial court did this in reaction to Appellant’s failure to cooperate in discovery.  Appellant now comes to this court stating that the trial court erred in failing to specifically list the property that it attached to the final decree of divorce.  Appellant raises this point even though he participated in hiding the property from the court in the first place.   In this case, Appellant as trustee had a duty to provide an accounting to Appellee.  
See
 T
EX
. P
ROP
. C
ODE
 A
NN
. § 113.151(b) (Vernon 1995).  An interested person may file suit to compel the trustee to account to the interested person.  
Id.
  “Interested person” means a trustee, beneficiary, or any other person having an interest in or a claim against a trust or any person who is affected by the administration of a trust.  
Id.
 at § 111.004(7) (Vernon 2003). Appellee had a claim against the Trust and was affected by the administration of the Trust in such a manner that she qualified as an interested person.  
Id.
 Appellant, therefore, had a duty to provide Appellee with a list of property owned by the Trust.  

The trial court placed a constructive trust on all of the property owned by the Trust.  “The equitable remedy of a constructive trust is broad and far-reaching and is designed to circumvent technical legal principles of title and ownership in order to reach a just result.”  
Southwest Livestock & Trucking Co. v. Dooley
, 884 S.W.2d 805, 810 (Tex. App.—San Antonio 1994, writ denied). When Appellant refused to provide an accurate accounting, the court had the authority to place a constructive trust on the entire Trust, in order to reach a just result.  
Id.
  As trustee, Appellant has the means to determine what property made up the Trust.  There is, therefore, little danger that innocent property will be negatively affected by the trial court’s judgment.  Because we conclude that Appellant has the ability to determine exactly what property the judgment affects, we hold that the trial court’s judgment is not void due to vagueness.  We overrule Appellant’s second point.

PRIOR DECREE OF DIVORCE

In Appellant’s third point on appeal, he argues that we should reverse the judgment because it does not comport with the terms of a prior agreed decree of divorce, which the trial court set aside without authority.  Appellant claims that the trial court lacked authority to vacate the prior agreed decree of divorce without evidence that one of the parties had withdrawn consent prior to rendition of the consent judgment.  

The record shows that the trial court signed an alleged agreed decree of divorce on October 13, 1999, and that the trial court vacated the decree of divorce on October 18, 1999.  The limited record does not show why the trial court vacated the decree except to say that one of the parties signed the decree in error. 

Appellee contends that the decree which the trial court set aside was not enforceable as written.  Charles Davis never presented the decree to the intervening party, nor did he obtain the intervener’s signature on the instrument.   In the present case, Appellant concedes that the intervenors did not sign the consent decree, but he claims that the trial court improperly joined them to the suit and this made their signature unnecessary.  Appellant argues that the intervener entered the suit after the trial court orally rendered judgment.  He states that a trial court cannot allow an intervention after the rendition of judgment, and, therefore, the intervener’s signature was not required.  
Citizens State Bank of Sealy v. Caney Invs.
, 746 S.W.2d 477, 478 (Tex. 1988).  

In 
Sealy
, the supreme court ruled that, “[s]ince the trial court allowed the Respondents to intervene after the judgment had already been rendered and become final, the appeal should have been dismissed.” 
Id.
  A judgment is generally considered to be a final judgment when it disposes of all parties and all issues in a case.  
Felderhoff v. Knauf
, 819 S.W.2d 110, 111 (Tex. 1991). An order does not dispose of all claims and all parties merely because a trial court entitled it “final.”  
Lehmann
, 39 S.W.3d at 205.  Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case.  
Id.
  To determine whether an order actually disposes of all pending claims and parties, the appellate court may look to the record in the case.  
Id.
 at 205-06.  Because the record of the hearing in which the trial court allegedly orally rendered judgment is not before this court, we cannot determine that the judgment was final.  

Appellant points this court to the agreed decree of divorce as showing finality, but the trial court entered this agreed decree of divorce after the intervener joined in the case.  Appellant was, therefore, required to obtain the intervener’s signature in order for the agreement to be valid.  
See Williams v. Hollingsworth
, 568 S.W.2d 130, 131 (Tex. 1978) (holding that rule 11 of the rules of civil procedure requires that in order to have a valid consent judgment, all parties to a lawsuit must consent).
  As such, we hold that the intervener was a necessary party to the agreement and the agreement could not be enforced without its consent.  
Williams
, 568 S.W.2d at 131.  

In the alternative, a consent judgment may be withdrawn on the basis of fraud or mistake.  
Kennedy v. Hyde
, 682 S.W.2d 525, 529 (Tex. 1984); 
Ebner v. First State Bank of Smithville
, 27 S.W.3d 287, 299 (Tex. App.—Austin 2000, pet. denied).  Here, the trial court ruled that one of the parties erred when signing the agreement.  Appellant has failed to produce a record showing what type of mistake occurred in the case.  We must presume that the unproduced portions of the record supports the trial court’s withdrawal of the agreed decree of divorce.  
See Schafer v. Conner
, 813 S.W.2d 154, 155 (Tex. 1991) (holding that “in the absence of a complete statement of facts, it is presumed that the omitted evidence supports the trial court's judgment”).  We overrule Appellant’s third point on appeal.

MOTION FOR CONTINUANCE 

Appellant contends in his fourth point on appeal that the trial court abused its discretion by denying Appellant’s motion for continuance, which he filed shortly after assuming the duties as trustee.  Appellant states that the trial court removed the previous trustee and allowed the Trust’s attorneys to withdraw just three weeks before trial, which did not give the new attorneys for the Trust an adequate opportunity to prepare. 

Prior to the motion to withdraw, the trial court had imposed sanctions on the defendants numerous times.  The trial court imposed sanctions because Charles Davis filed motions solely for the purpose of delaying the trial.  During pretrial, Charles Davis attempted to remove the judge sitting over the hearings. When an impartial judge set a hearing on the  motion to recuse, Charles Davis failed to appear.  The court denied the motion to recuse and granted a motion for sanctions.  Three months later, Charles Davis again made a motion to recuse the sitting judge in the case.  Again, Charles Davis did not appear at the hearing and the judge denied the motion to recuse.  The judge then sanctioned Charles Davis again for filing a motion solely for the purpose of delay.  Nearly one year later, Charles Davis filed another motion to recuse the same judge. The trial court again denied the motion and found that Charles Davis had no basis to recuse the trial judge.  

The clerks’ record shows other tactics that the defendants used in order to delay the trial.  The record shows that the defendants changed attorneys at least five times over a three year period.  Further, the Trust changed trustees three times.  The record also shows that the trial court found that the Trust had violated court orders compelling discovery.  The court found Charles Davis, the trustee at the time of the order, in contempt of court and sanctioned him.  When the Trust still failed to respond to discovery, the court attempted to compel discovery again through sanctioning the Trust.  After Charles Davis stepped down as trustee, Scott Davis became the trustee for the Trust.  The Trust continued to resist proper discovery.

Appellant became trustee of the Trust once Scott Davis stepped down.  The attorneys representing the Trust withdrew when Appellant became trustee.  The withdrawal of counsel occurred three weeks before the next hearing. Appellant waited two-and-a-half-weeks before hiring an attorney to represent the Trust.  By that time, the attorney claimed that he did not have sufficient time to prepare for the hearing and requested a continuance.  The trial court denied this request.  

Appellant has failed to bring forward the complete record of the hearing.  We therefore do not know the actual reasons for the trial court’s decision, and we must presume that those reasons were sufficient.  
See
 
Schafer
, 813 S.W.2d at 155.  It seems clear that the defendants in the case had established a plan to delay the trial indefinitely.  The trial court could have seen the removal of the prior trustee and the withdrawal of counsel as another delay tactic. Further, the trial court could have held that when Appellant waited fifteen days to hire an attorney, he was attempting to further delay the trial.  However, we do not have to guess at the trial court’s reasons for its actions; Appellant has failed to produce a sufficient record and we presume that the trial court had legally sufficient reasons to deny the motion for continuance.  
Id.  
We overrule Appellant’s fourth point.

ATTORNEY’S FEES

In Appellant’s fifth point, he contends that we should reverse the award of attorney’s fees to Leslee Davis’s current and former attorneys because the trial court had no statutory authority to support the award.  Alternatively, Appellant claims that the trial court abused its discretion in awarding appellate attorney’s fees against the Trust.  Appellant argues that the award was an unauthorized and unconditional award and that it had the effect of imposing an additional judgment on Charles Davis and Leslee Davis for the acts of Appellant as trustee in defending the Trust on appeal.

Appellee contends that Appellant does not have standing to appeal most of the attorney’s fees awarded at trial.  Leslee Davis claims that Appellant represents the Trust in this appeal, and he can only challenge those parts of the judgment that affect the Trust.  We agree.

Standing pertains to a person's justiciable interest in the suit.  
Roman Forest Pub. Util. Dist. v. McCorkle
, 999 S.W.2d 931, 932 (Tex. App.—Beaumont 1999, pet. denied); 
AU Pharm., Inc. v. Boston
, 986 S.W.2d 331, 340 (Tex. App.—Texarkana 1999, no pet.).  A person has standing to sue when the alleged wrong affects him personally.  
See Nootsie, Ltd. v. Williamson County Appraisal Dist.
, 925 S.W.2d 659, 661 (Tex. 1996).  Without a breach of a legal right belonging to a plaintiff, he has no standing to litigate.  
Pankhurst v. Weitinger & Tucker
, 850 S.W.2d 726, 729 (Tex. App.—Corpus Christi 1993, writ denied). 

In the present case, the trial court assessed the majority of the attorney’s fees against Charles Davis individually.  These fees assigned personally to Charles Davis did not legally affect Appellant or the Trust, therefore, Appellant lacks standing to appeal these decisions.  
Nootsie,
 925 S.W.2d at 661.

The trial court did hold Appellant personally liable for $15,000 in sanctions based on Appellant’s actions during discovery.  We hold that because Appellant appealed the judgment in his capacity as trustee, he does not have a legally affected interest in these sanctions.  
Id.
  Had Appellant appealed on his own behalf, he would have standing to challenge the sanction.
(footnote: 2)
 The trial court found that Charles Davis treated the Trust as his alter ego and so the Trust was a nullity.  The court ordered Appellant to hold the  property allegedly owned by the Trust in constructive trust for Charles Davis and Leslee Davis.  The court then divided the property between the two parties.  The trial court gave the property entitled Audra Lane to Charles Davis.  The court held that Appellant should sell this property and use the proceeds to pay the attorney’s fees which the court ordered Charles Davis to pay.  Appellant claims this action gives him standing to challenge these attorney’s fees in this case.  We disagree.

When the trial court dissolved the Trust and declared that its assets belonged to Charles and Leslee Davis as community property, the Trust no longer owned the Audra Lane property.  Without a legal interest in the property, the selling of the property had no legal affect on the Trust.  
Pankhurst, 
850 S.W.2d at 729.
  If Appellant wanted to establish a legal interest in the property, he had to successfully challenge the trial court’s order dissolving the Trust.  He failed to challenge the trial court’s order, and so the Trust has no standing to challenge the attorney’s fees.  

Appellant does have standing to challenge one award of attorney’s fees. In the final decree of divorce, the trial court set conditional awards of attorney’s fees based on whether one of the defendants appealed the decision.  The trial court held that if any of the defendants appealed the decision, Leslee Davis’s attorneys would be entitled to $30,000.  If the party who appealed did not file for a writ of error to the supreme court, then that party would receive $5,000 of the $30,000 back.  The final decree of divorce held that, among others, Appellant as trustee was responsible for paying these fees.  

Appellant claims that the trial court abused its discretion in awarding Leslee Davis’s attorneys these fees against the Trust because the award was an unauthorized, unconditional award and had the effect of imposing an additional judgment on Charles and Leslee Davis for the acts of Appellant as trustee in defending the Trust on appeal.

The unconditional award of attorney’s fees in anticipation of an appeal is error, but only if the party which is bound to pay the fees is successful in overturning the judgment on appeal.  
Moore v. Bank Midwest, N.A.
,39 S.W.3d 395, 404 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  In this case, Appellant has not successfully appealed the trial court’s rulings and so Appellant is not harmed by the unconditional nature of the attorney’s fees. 

Additionally, the facts of the case show that the trial court declared the Trust void.  The trial court found in finding of fact number 51 that Charles Davis never created a trust, because the Trust did not have legal title to any property.  
See
 T
EX
. P
ROP
. C
ODE
 A
NN
. § 112.005 (providing that a trust cannot be created unless there is trust property) (Vernon 1995)
.  The trial court found in finding of fact number 54 that the property allegedly owned by the Trust belonged to Charles and Leslee Davis.  The court ordered the property held in constructive trust as community property of the marriage.  The trial court then divided the property among the two parties.  Appellant contends that if we decide that the trial court properly set the attorney’s fees awarded to Leslee Davis’s attorneys, then the money must come from Leslee and Charles Davis’s community property.  Appellant claims that this would punish Leslee and Charles Davis for Appellant’s actions in defending the Trust.

The trial court found that a just and right division of the property would include the payment of the attorney’s fees from property taken from the void Trust.  Findings of fact numbers 98 and 99 authorize the payment of these fees.  We have held that, “[w]here a reporter's record is not requested, the trial court's findings of fact are conclusive, and we presume that sufficient evidence was introduced to support the findings and the judgment based on them.“  
In re L.C.H.
, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.)
; 
see also Bryant v. United Shortline, Inc.
, 972 S.W.2d 26, 31 (Tex. 1998).  We hold that the trial court committed no error in the awarding of attorney’s fees.  We overrule Appellant’s fifth point on appeal.

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s ruling.

SAM J. DAY

JUSTICE 

PANEL B: DAY, HOLMAN, and WALKER, JJ.

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4

2:
We note that these sanctions were justified by rule 215.2(b)(2) of the Texas Rules of Civil Procedure, which authorizes the court to impose the cost or part of the cost of discovery on a party who fails to follow the discovery rules.  
See
 T
EX
. R. C
IV
. P. 215.2 (b) (2).