COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-00-436-CV
 
OWEN CHARLES DAVIS,           
           
           
           
           
APPELLANT
TRUSTEE OF THE DAVIS FAMILY TRUST
V.
LESLEE ANN DAVIS           
           
           
           
           
        APPELLEE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Owen Charles Davis, acting as trustee of the Davis Family
Trust (Trust), appeals the marital property distribution of a final divorce
decree raising five points: 1) this court lacks jurisdiction over the appeal
because there is no final judgement where the trial court failed to dispose of
counterclaims and third party claims brought by Charles Davis in response to an
intervention filed after the rendition of judgment in open court; 2) the final
Decree of Divorce is vague and uncertain and is, therefore, void for vagueness;
3) the trial court lacked authority to vacate an agreed decree of divorce on its
own motion; 4) the trial court abused its discretion by denying the motion for
continuance of the trustee; 5) the trial court did not have statutory authority
to make a direct award of attorney's fees to the intervenors in their action
against the Trust, and it did not have authority for awarding attorney's fees
directly to the attorneys of Leslee Davis for claims derivative of her
prosecution and defense of suit.
FACTS
Leslee Davis and Charles Davis married on August 19, 1989. In 1990,
Charles Davis established the Trust and began to funnel community property of
the marriage into it. In March, 1996, Leslee filed for divorce from Charles and
sought appointment as sole managing conservator of their three minor children.
Leslie also requested a division of marital property. She named the Trust as a
party to the suit, seeking injunctive relief to prevent Charles from removing
funds from the Trust.
Leslee alleged that a civil conspiracy existed between Charles and
members of his family to create and use the Trust and other entities controlled
by Charles for the purpose of concealing and defrauding her of her community
property. In January, 1999, Leslee joined Pantheon Transport, L.L.C. alleging
that the company contributed to the conspiracy against her and that the Trust
had made fraudulent transfers to Pantheon.
On October 6, 1999, appellees Jeffrey Kaitcer and the law firm of Loe,
Warren, Kaitcer, Rosenfiled, and Hibbs, P.C., (The Firm) intervened to recover
attorney's fees from Leslee. The intervenors also sought judgment for the
recovery of court-ordered discovery sanctions from Charles, and from Scott
Davis, Mary Davis, and Owen Davis individually and as trustee of the Trust.
The trial court entered an Agreed Decree of Divorce on October 13,
1999. The agreement included Leslee and Charles Davis, their children, Owen
Davis, individually and as trustee of the Trust, Mary Davis, Scott Davis, Erica
Davis, and Pantheon. Judge John Narsuitis signed the decree on October 13, but
vacated the same decree on his own motion without a hearing on October 18, 1999.
After a series of hearings, Judge Farris signed a Final Decree of Divorce on
September 19, 2000. Charles Davis and various other parties gave notice of
appeal. This court dismissed all of the appeals for want of prosecution except
for the appeal of Owen C. Davis as trustee of the Trust.
STANDARD OF REVIEW
Where a reporter's record is not requested, the trial court's findings
of fact are conclusive, and we presume that sufficient evidence was introduced
to support the findings and the judgment based on them. Bryant
v. United Shortline, Inc., 972 S.W.2d 26, 31 (Tex. 1998); Peacock
v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, 554 (1946). In a bench trial, we
still consider questions of law even if no reporter's record is requested. Segrest
v. Segrest, 649 S.W.2d 610, 611 (Tex.), cert. denied,
464 U.S. 894 (1983); Little v. McAninch, 896 S.W.2d 199,
201 (Tex. App.--Houston [1st Dist.] 1994, writ denied).
FINALITY OF DECISION
In Appellant's first point on appeal, he contends that the final decree
of divorce was not final for appeal purposes. Appellant claims that the trial
court did not dispose of Charles Davis's counterclaims and third party claims
brought in response to an intervention filed after the rendition of judgment in
open court. Alternatively, he argues the intervention was not authorized after
rendition of judgment and relief granted to the intervenors is a nullity.
The supreme court has recently determined what a judgment must include
in order to be considered final and appealable. In recent cases, the supreme
court has ruled that a Mother Hubbard clause by itself does not make an order or
judgment final. See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 192 (Tex. 2001) (holding that "a judgment issued without a
conventional trial is final for purposes of appeal if and only if either it
actually disposes of all claims and parties then before the court, regardless of
its language, or it states with unmistakable clarity that it is a final
judgment").
In the present case, the trial court held a bench trial and then
rendered judgment. Only after hearing all the evidence in the trial did the
trial court issue a final judgment with a Mother Hubbard clause in it. Because
the Mother Hubbard clause was included in the final judgment rendered after a
bench trial, the judgment was final for the purposes of appeal. Lehman,
39 S.W.3d at 192.
In Appellant's alternative complaint, he states that we should hold the
trial court's judgment as to the intervenors invalid and of no effect because
the trial court lacked jurisdiction to rule on this point. We will not decide
this issue because Appellant has no standing to challenge this portion of the
ruling. Texas courts have long held that an appealing party may not complain of
errors that do not injuriously affect it or that merely affect the rights of
others. Torrington Co. v. Stutzman, 46 S.W.3d 829, 843
(Tex. 2000). In the present case, Appellant has failed to show how the negative
ruling against Charles Davis affected the Trust's legal interests. We overrule
Appellant's first point on appeal.
CLARITY OF FINAL DECREE OF DIVORCE
Appellant contends in his second point on appeal that the final decree
of divorce is void for vagueness and uncertainty because it imposes duties
against Appellant toward property that the judgment does not sufficiently
identify. Appellant argues that the decree of divorce does not identify specific
real or personal property titled in the name of the Trust or its affiliated
entities. Appellant claims the trial court's error places an impossible burden
on him to determine what property the judgment covers and a danger exists that
the vague judgment might negatively effect innocent property.
Appellant has not provided a reporter's record of the numerous hearings
that the trial court held in this case, but upon close review of the clerks'
record and the trial court's findings of fact and conclusions of law, we see
that Appellant and the other members of the Trust used it as a vehicle to
defraud Leslee Davis. Appellant participated in perpetuating the fraudulent
transfers of Leslee Ann Davis's community property.
During discovery, Appellant along with the other members of the Trust
unlawfully resisted proper discovery. In fact, the trial court struck
Appellant's pleadings, imposed monetary sanctions, and restricted his ability to
file more pleadings until he paid the sanction. The trial court did this in
reaction to Appellant's failure to cooperate in discovery. Appellant now comes
to this court stating that the trial court erred in failing to specifically list
the property that it attached to the final decree of divorce. Appellant raises
this point even though he participated in hiding the property from the court in
the first place.
In this case, Appellant as trustee had a duty to provide an accounting
to Appellee. See TEX. PROP.
CODE ANN. § 113.151(b)
(Vernon 1995). An interested person may file suit to compel the trustee to
account to the interested person. Id. "Interested
person" means a trustee, beneficiary, or any other person having an
interest in or a claim against a trust or any person who is affected by the
administration of a trust. Id. at § 111.004(7) (Vernon
2003). Appellee had a claim against the Trust and was affected by the
administration of the Trust in such a manner that she qualified as an interested
person. Id. Appellant, therefore, had a duty to provide
Appellee with a list of property owned by the Trust.
The trial court placed a constructive trust on all of the property
owned by the Trust. "The equitable remedy of a constructive trust is broad
and far-reaching and is designed to circumvent technical legal principles of
title and ownership in order to reach a just result." Southwest
Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 810 (Tex. App.--San
Antonio 1994, writ denied). When Appellant refused to provide an accurate
accounting, the court had the authority to place a constructive trust on the
entire Trust, in order to reach a just result. Id. As
trustee, Appellant has the means to determine what property made up the Trust.
There is, therefore, little danger that innocent property will be negatively
affected by the trial court's judgment. Because we conclude that Appellant has
the ability to determine exactly what property the judgment affects, we hold
that the trial court's judgment is not void due to vagueness. We overrule
Appellant's second point.
PRIOR DECREE OF DIVORCE
In Appellant's third point on appeal, he argues that we should reverse
the judgment because it does not comport with the terms of a prior agreed decree
of divorce, which the trial court set aside without authority. Appellant claims
that the trial court lacked authority to vacate the prior agreed decree of
divorce without evidence that one of the parties had withdrawn consent prior to
rendition of the consent judgment.
The record shows that the trial court signed an alleged agreed decree
of divorce on October 13, 1999, and that the trial court vacated the decree of
divorce on October 18, 1999. The limited record does not show why the trial
court vacated the decree except to say that one of the parties signed the decree
in error.
Appellee contends that the decree which the trial court set aside was
not enforceable as written. Charles Davis never presented the decree to the
intervening party, nor did he obtain the intervener's signature on the
instrument.
In the present case, Appellant concedes that the intervenors did not
sign the consent decree, but he claims that the trial court improperly joined
them to the suit and this made their signature unnecessary. Appellant argues
that the intervener entered the suit after the trial court orally rendered
judgment. He states that a trial court cannot allow an intervention after the
rendition of judgment, and, therefore, the intervener's signature was not
required. Citizens State Bank of Sealy v. Caney Invs., 746
S.W.2d 477, 478 (Tex. 1988).
In Sealy, the supreme court ruled that, "[s]ince
the trial court allowed the Respondents to intervene after the judgment had
already been rendered and become final, the appeal should have been
dismissed." Id. A judgment is generally considered to
be a final judgment when it disposes of all parties and all issues in a case. Felderhoff
v. Knauf, 819 S.W.2d 110, 111 (Tex. 1991). An order does not dispose of all
claims and all parties merely because a trial court entitled it
"final." Lehmann, 39 S.W.3d at 205. Rather,
there must be some other clear indication that the trial court intended the
order to completely dispose of the entire case. Id. To
determine whether an order actually disposes of all pending claims and parties,
the appellate court may look to the record in the case. Id.
at 205-06. Because the record of the hearing in which the trial court allegedly
orally rendered judgment is not before this court, we cannot determine that the
judgment was final.
Appellant points this court to the agreed decree of divorce as showing
finality, but the trial court entered this agreed decree of divorce after the
intervener joined in the case. Appellant was, therefore, required to obtain the
intervener's signature in order for the agreement to be valid. See
Williams v. Hollingsworth, 568 S.W.2d 130, 131 (Tex. 1978) (holding that
rule 11 of the rules of civil procedure requires that in order to have a valid
consent judgment, all parties to a lawsuit must consent). As such, we hold that
the intervener was a necessary party to the agreement and the agreement could
not be enforced without its consent. Williams, 568 S.W.2d
at 131.
In the alternative, a consent judgment may be withdrawn on the basis of
fraud or mistake. Kennedy v. Hyde, 682 S.W.2d 525, 529
(Tex. 1984); Ebner v. First State Bank of Smithville, 27
S.W.3d 287, 299 (Tex. App.--Austin 2000, pet. denied). Here, the trial court
ruled that one of the parties erred when signing the agreement. Appellant has
failed to produce a record showing what type of mistake occurred in the case. We
must presume that the unproduced portions of the record supports the trial
court's withdrawal of the agreed decree of divorce. See Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) (holding that "in the
absence of a complete statement of facts, it is presumed that the omitted
evidence supports the trial court's judgment"). We overrule Appellant's
third point on appeal.
MOTION FOR CONTINUANCE
Appellant contends in his fourth point on appeal that the trial court
abused its discretion by denying Appellant's motion for continuance, which he
filed shortly after assuming the duties as trustee. Appellant states that the
trial court removed the previous trustee and allowed the Trust's attorneys to
withdraw just three weeks before trial, which did not give the new attorneys for
the Trust an adequate opportunity to prepare.
Prior to the motion to withdraw, the trial court had imposed sanctions
on the defendants numerous times. The trial court imposed sanctions because
Charles Davis filed motions solely for the purpose of delaying the trial. During
pretrial, Charles Davis attempted to remove the judge sitting over the hearings.
When an impartial judge set a hearing on the motion to recuse, Charles Davis
failed to appear. The court denied the motion to recuse and granted a motion for
sanctions. Three months later, Charles Davis again made a motion to recuse the
sitting judge in the case. Again, Charles Davis did not appear at the hearing
and the judge denied the motion to recuse. The judge then sanctioned Charles
Davis again for filing a motion solely for the purpose of delay. Nearly one year
later, Charles Davis filed another motion to recuse the same judge. The trial
court again denied the motion and found that Charles Davis had no basis to
recuse the trial judge.
The clerks' record shows other tactics that the defendants used in
order to delay the trial. The record shows that the defendants changed attorneys
at least five times over a three year period. Further, the Trust changed
trustees three times. The record also shows that the trial court found that the
Trust had violated court orders compelling discovery. The court found Charles
Davis, the trustee at the time of the order, in contempt of court and sanctioned
him. When the Trust still failed to respond to discovery, the court attempted to
compel discovery again through sanctioning the Trust. After Charles Davis
stepped down as trustee, Scott Davis became the trustee for the Trust. The Trust
continued to resist proper discovery.
Appellant became trustee of the Trust once Scott Davis stepped down.
The attorneys representing the Trust withdrew when Appellant became trustee. The
withdrawal of counsel occurred three weeks before the next hearing. Appellant
waited two-and-a-half-weeks before hiring an attorney to represent the Trust. By
that time, the attorney claimed that he did not have sufficient time to prepare
for the hearing and requested a continuance. The trial court denied this
request.
Appellant has failed to bring forward the complete record of the
hearing. We therefore do not know the actual reasons for the trial court's
decision, and we must presume that those reasons were sufficient. See
Schafer, 813 S.W.2d at 155. It seems clear that the
defendants in the case had established a plan to delay the trial indefinitely.
The trial court could have seen the removal of the prior trustee and the
withdrawal of counsel as another delay tactic. Further, the trial court could
have held that when Appellant waited fifteen days to hire an attorney, he was
attempting to further delay the trial. However, we do not have to guess at the
trial court's reasons for its actions; Appellant has failed to produce a
sufficient record and we presume that the trial court had legally sufficient
reasons to deny the motion for continuance. Id. We
overrule Appellant's fourth point.
ATTORNEY'S FEES
In Appellant's fifth point, he contends that we should reverse the
award of attorney's fees to Leslee Davis's current and former attorneys because
the trial court had no statutory authority to support the award. Alternatively,
Appellant claims that the trial court abused its discretion in awarding
appellate attorney's fees against the Trust. Appellant argues that the award was
an unauthorized and unconditional award and that it had the effect of imposing
an additional judgment on Charles Davis and Leslee Davis for the acts of
Appellant as trustee in defending the Trust on appeal.
Appellee contends that Appellant does not have standing to appeal most
of the attorney's fees awarded at trial. Leslee Davis claims that Appellant
represents the Trust in this appeal, and he can only challenge those parts of
the judgment that affect the Trust. We agree.
Standing pertains to a person's justiciable interest in the suit. Roman
Forest Pub. Util. Dist. v. McCorkle, 999 S.W.2d 931, 932 (Tex.
App.--Beaumont 1999, pet. denied); AU Pharm., Inc. v. Boston,
986 S.W.2d 331, 340 (Tex. App.--Texarkana 1999, no pet.). A person has standing
to sue when the alleged wrong affects him personally. See
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661
(Tex. 1996). Without a breach of a legal right belonging to a plaintiff, he has
no standing to litigate. Pankhurst v. Weitinger & Tucker,
850 S.W.2d 726, 729 (Tex. App.--Corpus Christi 1993, writ denied).
In the present case, the trial court assessed the majority of the
attorney's fees against Charles Davis individually. These fees assigned
personally to Charles Davis did not legally affect Appellant or the Trust,
therefore, Appellant lacks standing to appeal these decisions. Nootsie,
925 S.W.2d at 661.
The trial court did hold Appellant personally liable for $15,000 in
sanctions based on Appellant's actions during discovery. We hold that because
Appellant appealed the judgment in his capacity as trustee, he does not have a
legally affected interest in these sanctions. Id. Had
Appellant appealed on his own behalf, he would have standing to challenge the
sanction.(2)
The trial court found that Charles Davis treated the Trust as his alter
ego and so the Trust was a nullity. The court ordered Appellant to hold the
property allegedly owned by the Trust in constructive trust for Charles Davis
and Leslee Davis. The court then divided the property between the two parties.
The trial court gave the property entitled Audra Lane to Charles Davis. The
court held that Appellant should sell this property and use the proceeds to pay
the attorney's fees which the court ordered Charles Davis to pay. Appellant
claims this action gives him standing to challenge these attorney's fees in this
case. We disagree.
When the trial court dissolved the Trust and declared that its assets
belonged to Charles and Leslee Davis as community property, the Trust no longer
owned the Audra Lane property. Without a legal interest in the property, the
selling of the property had no legal affect on the Trust. Pankhurst,
850 S.W.2d at 729. If Appellant wanted to establish a legal interest in the
property, he had to successfully challenge the trial court's order dissolving
the Trust. He failed to challenge the trial court's order, and so the Trust has
no standing to challenge the attorney's fees.
Appellant does have standing to challenge one award of attorney's fees.
In the final decree of divorce, the trial court set conditional awards of
attorney's fees based on whether one of the defendants appealed the decision.
The trial court held that if any of the defendants appealed the decision, Leslee
Davis's attorneys would be entitled to $30,000. If the party who appealed did
not file for a writ of error to the supreme court, then that party would receive
$5,000 of the $30,000 back. The final decree of divorce held that, among others,
Appellant as trustee was responsible for paying these fees.
Appellant claims that the trial court abused its discretion in awarding
Leslee Davis's attorneys these fees against the Trust because the award was an
unauthorized, unconditional award and had the effect of imposing an additional
judgment on Charles and Leslee Davis for the acts of Appellant as trustee in
defending the Trust on appeal.
The unconditional award of attorney's fees in anticipation of an appeal
is error, but only if the party which is bound to pay the fees is successful in
overturning the judgment on appeal. Moore v. Bank Midwest, N.A.,
39 S.W.3d 395, 404 (Tex. App.--Houston [1st Dist.] 2001, pet. denied). In this
case, Appellant has not successfully appealed the trial court's rulings and so
Appellant is not harmed by the unconditional nature of the attorney's fees.
Additionally, the facts of the case show that the trial court declared
the Trust void. The trial court found in finding of fact number 51 that Charles
Davis never created a trust, because the Trust did not have legal title to any
property. See TEX. PROP.
CODE ANN. § 112.005
(providing that a trust cannot be created unless there is trust property)
(Vernon 1995). The trial court found in finding of fact number 54 that the
property allegedly owned by the Trust belonged to Charles and Leslee Davis. The
court ordered the property held in constructive trust as community property of
the marriage. The trial court then divided the property among the two parties.
Appellant contends that if we decide that the trial court properly set the
attorney's fees awarded to Leslee Davis's attorneys, then the money must come
from Leslee and Charles Davis's community property. Appellant claims that this
would punish Leslee and Charles Davis for Appellant's actions in defending the
Trust.
The trial court found that a just and right division of the property
would include the payment of the attorney's fees from property taken from the
void Trust. Findings of fact numbers 98 and 99 authorize the payment of these
fees. We have held that, "[w]here a reporter's record is not requested, the
trial court's findings of fact are conclusive, and we presume that sufficient
evidence was introduced to support the findings and the judgment based on
them." In re L.C.H., 80 S.W.3d 689, 691 (Tex.
App.--Fort Worth 2002, no pet.); see also Bryant v. United
Shortline, Inc., 972 S.W.2d 26, 31 (Tex. 1998). We hold that the trial
court committed no error in the awarding of attorney's fees. We overrule
Appellant's fifth point on appeal.
CONCLUSION
Having overruled all of Appellant's points on appeal, we affirm the
trial court's ruling.
 
                                                            SAM
J. DAY
                                                            JUSTICE
 
PANEL B: DAY, HOLMAN, and WALKER, JJ.
DELIVERED: March 27, 2003

1. See TEX. R. APP. P. 47.4
2. We note that these sanctions were justified by rule
215.2(b)(2) of the Texas Rules of Civil Procedure, which authorizes the court to
impose the cost or part of the cost of discovery on a party who fails to follow
the discovery rules. See TEX. R. CIV. P. 215.2 (b) (2).