COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-189-CV

 

 

TONNA BROOKS                                                                 APPELLANT

 

                                                   V.

 

BANK OF NEW YORK TRUST                                         APPELLEE

COMPANY, N.A. AS SUCCESSOR

TO JPMORGAN CHASE BANK, 

AS TRUSTEE                                                                                      

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








Appellant Tonna Brooks seeks
a restricted appeal from an agreed judgment granting Appellee Bank of New York
Trust Company (Bank of New York) possession of Tonna=s home premises and the right to obtain a writ of possession.  In her first two issues, Tonna contends that
because of her absence at the hearing, the agreed judgment is interlocutory and
cannot support the issuance of a writ of possession.  In her third issue, Tonna contends that the
agreed judgment is not a default judgment because no evidence was offered or
received by the trial court.  Because the
trial court rendered judgment without Tonna=s participation and consent, we reverse the judgment as void and
remand the case for a new trial.

II. Factual and Procedural Background

Bank of New York filed its
original petition for forcible detainer against Tonna and Aall other occupants@ on February 27, 2007, in the justice of the peace court.  On March 9, 2007, the justice of the peace
court rendered judgment in favor of Bank of New York.  On that same day, Tonna perfected her and her
husband, Gordon=s, appeal by
filing an appeal bond with the justice of the peace court.  On March 28, 2007, Tonna and Gordon filed a AWritten Statement@ with the county court, stating that they were appealing the case
because they were not given proper notice of the foreclosure and that they were
seeking counsel.  Bank of New York filed
an amended petition, and the county court set trial for April 25, 2007.








 On the date of trial, Bank of New York
appeared through its attorney and Gordon appeared in person.  Nothing in the record shows that Tonna ever
appeared before the county court on April 25, 2007.  Before trial began, Bank of New York=s attorney told the county court that Awe just came to an agreement.@  Accordingly, the county court,
Gordon, and Bank of New York signed an agreed judgment, which gave Bank of New
York the right to possess the premises at issue and the right to obtain a writ
of possession if the occupants failed to vacate by May 11, 2007.  On May 25, 2007, the county court issued the
writ of possession, which eventually was returned as Aunserved,@ and Tonna
then filed this restricted appeal.[2]

III. Restricted Appeal








To be entitled to a
restricted appeal, an appellant must show that she (1) filed a notice of
restricted appeal within six months after the trial court signed the judgment
or order; (2) is a party to the suit; (3) did not participate in the hearing
that resulted in the judgment complained of; and (4) did not timely file any
postjudgment motion, request for findings of fact and conclusions of law, or a
notice of appeal within the time permitted by rule 26.1(a).  Tex.
R. App. P. 26.1(a), (c), 30; Aviation Composite Techs., Inc. v. CLB
Corp., 131 S.W.3d 181, 184 (Tex. App.CFort Worth 2004, no pet.). 
These requirements are jurisdictional and will cut off a party=s right to seek relief by way of a restricted appeal if they are not
met.  Id.  Once an appellant establishes that she has
met these requirements, she must then establish error apparent from the face of
the record before she will be entitled to relief from the adverse
judgment.  Id.

Tonna is a party to the suit
and properly filed her notice of restricted appeal within six months from the
date the trial court signed the agreed judgment.  Tonna also did not file a postjudgment
motion, request for findings of fact and conclusions of law, or a notice of
appeal within the time permitted by rule 26.1(a).  Bank of New York, however, asserts that we do
not have jurisdiction over this restricted appeal because Tonna participated in
the trial that resulted in the agreed judgment. 
Thus, our analysis is limited to whether Tonna participated in the trial
that resulted in the agreed judgment and, if she did not, whether there is
error apparent on the face of the record.

A.     Participation

In determining whether the
nonparticipation requirement of rule 30 is met, the question is whether the
appellant participated in the Adecision-making event@ that resulted in the order adjudicating the appellant=s rights.  Id. at 185.








The extent of participation in the actual trial
of the case which would preclude a party from obtaining appellate review by
writ of error, now known as restricted appeal, is one of degree.  Tramco Enters., Inc. v. Indep. Am. Sav. Ass=n, 739 S.W.2d 944, 946 (Tex. App.CFort Worth 1987, no writ) (interpreting former Texas Rule of Appellate
Procedure 45, governing writ of errors).

The decision-making event in
this case is the signing of the agreed judgment by the county court, Gordon,
and Bank of New York on the date of trial. 
Bank of New York cites Clopton v. Pak for the proposition that an
appellant can still participate in the decision-making event even though she
did not physically attend the hearing that resulted in the adverse
judgment.  See 66 S.W.3d 513, 516
(Tex. App.CFort Worth
2001, pet. denied).  In Clopton,
we held that attendance at a dismissal hearing was unnecessary when the
attorneys for the appellants and appellees agreed on, signed, and filed a joint
motion to sever and dismiss the case.  Id.  We stated that Aneither appellants= nor their attorney=s attendance at the hearing was necessary once the joint motion was
filed.@  Id.








Bank of New York attempts to
analogize Clopton to the facts of this case  by stating that like Clopton, Aprior to a trial, the parties agreed to a judgment that disposed of
all parties and issues.@  Bank of New York goes on further to state
that A[t]he evidence in the record demonstrates that the judgment was agreed
to by all the parties prior to the case being called to trial, at which point,
the attendees were addressed by the [c]ourt.@  Ultimately, Bank of New York
argues that the language of the agreed judgment and the signature by Gordon,
Tonna=s husband and fellow occupant, demonstrate that Tonna participated in
the decision-making event.








Even though the facts here
are similar, we decline to extend our holding in Clopton to the facts in
this case.  Important to the decision in Clopton
was the fact that the appellants participated through their attorney.  See id. at 516B17.  The attorney had the
authority to act on their behalf, and the motion signed by their attorney was
proof on the record of the appellants= participation.  See id. at
517.  Here, there is no evidence that
Tonna agreed to anything through an attorney; in fact, the record shows that
neither Tonna nor Gordon ever retained counsel prior to filing this appeal.  We further note that nothing on the record
supports the proposition that Gordon had the authority to sign on behalf of
Tonna.  See Wilkinson v.
Stevison, 514 S.W.2d 895, 898 (Tex. 1974) (stating that the marital
relationship does not in itself make one spouse the agent of the other).  But see Taylor v. Gilbert Gertner Enters.,
466 S.W.2d 337, 339 (Tex. Civ. App.CHouston [1st Dist.] 1971, writ ref=d n.r.e.) (AA husband
may be shown to be the agent of his wife. Facts and circumstances might be
produced which would require a finding that the wife is bound by the agreement
of her husband.@); Mercer
v. McCasland, No. 01-95-01232-CV, 1996 WL 532061, at *1B2 (Tex. App.CHouston [1st
Dist.] Sept. 19, 1996, no writ) (not designated for publication) (holding that
the record demonstrated that the wife consented to the agreed order even though
she did not appear at the hearing because the husband Aspecifically stated@ that he had the authority to act on his wife=s behalf).  Likewise, we
disagree with Bank of New York=s assertion that because the record does not evidence a Alack of authority@ for Gordon to enter into the agreed judgment for both himself and
Tonna that Tonna Acannot now
attempt to deny the validity of the agreed judgment.@  Bank of New York has not
established that Gordon had the authority to enter into the agreement for
Tonna, and so the absence of evidence showing a Alack of authority@ is irrelevant.

We hold that even though
Tonna filed a written statement in the county court, she did not participate in
the decision-making event because she was not present at the trial and did not
sign the agreed judgment.  See Ramirez
v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex. App.CCorpus Christi 1995, no writ) (holding that the appellant, who filed a
petition and participated in pretrial discovery, did not participate in the Aactual trial@ because he
did not participate in the proceedings leading up to the rendition of the
judgment).

 

 








B.     Error Apparent on the Face of the Record

Because Tonna satisfied the
requirements of rule 30, she must now show error apparent on the face of the
record.  Tonna argues first that it was
error for the county court to issue the writ of possession on an interlocutory
judgment that did not dispose of her as a party.  She states, in the alternative, that because
the county court did not receive any evidence at the hearing when it entered
the agreed judgment that we should vacate and set aside the agreed judgment.

Although Tonna does not use
the word Aconsent,@ she repeatedly states that she did not take part in the decision
making process leading up to the agreed judgment.  She states that A[t]he record . . . shows that Mrs. Brooks had no part in the [a]greed
[j]udgment.@  She also asserts that Gordon was not
authorized to Acommit her@ to an agreed judgment merely because he lived with her.  We liberally construe Tonna=s argument as including a claim that she did not participate in or consent
to the agreed judgment.  See Tex. R. App. P. 38.1(e), 38.9; Sheikh v. Sheikh, 248
S.W.3d 381, 392 (Tex. App.CHouston [1st Dist.] 2007, no pet.) (stating that even though the
appellant argued that the trial court lacked subject-matter jurisdiction to
enter an order, Aat the heart@ of the issue was a complaint that the trial court erred in drafting
an overly broad order).








In Texas, a valid consent
judgment cannot be rendered by a court when consent of one of the parties is
wanting.  Quintero v. Jim Walter
Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983); Williams v. Hollingsworth,
568 S.W.2d 130, 131 (Tex. 1978); Burnaman v. Heaton, 240 S.W.2d 288, 291
(Tex. 1951).  Consent must exist at the
very moment the court undertakes to make the agreement the judgment of the
court.  Burnaman, 240 S.W.2d at
291.  When consent has either been
withdrawn or is lacking at the time the agreed judgment is rendered, the
judgment is void.  Sohocki v. Sohocki,
897 S.W.2d 422, 424 (Tex. App.CCorpus Christi 1995, no writ); see also Samples Exterminators v.
Samples, 640 S.W.2d 873, 874B75 (Tex. 1982).








The supreme court has held
that absent a rule 11 agreement, a  court
cannot render an agreed judgment when a party to the suit did not attend and
was not represented at the hearing where the judgment was rendered.  Williams, 568 S.W.2d at 131B32.  In Williams, the
appellant was involved in a will contest in which the contestants sought, among
other things, a portion of the residuary estate, to which the appellant was
entitled to one-half as one of the decedent=s sons.  Id. at 131.  On the day of trial, the will contestants and
the independent executor appeared and announced to the trial court that they
had settled the controversy.  Id.  Each contestant would receive $8,000 from the
residuary estate, and the will would otherwise stand as probated.  Id. 
Because neither the appellant nor his attorney was present at the trial,
the Court stated that the appellant had not consented to the agreed judgment
and that the judgment was thus properly set aside for lack of consent.  Id. at 131B32.

The agreed judgment in this
case grants possession of the premises at issue to Bank of New York.  It also orders that if Adefendants fail to vacate by May 11, 2007, then [Bank of New York]
shall be entitled to obtain a writ of possession ordering any Constable to
remove defendants . . . .@  Thus, like in Williams,
the judgment attempts to adjudicate Tonna=s rights even though she did not participate in or agree to the
judgment.

Tonna did not sign the agreed
judgment, and in fact, her name was crossed out of the introductory paragraph
of the judgment; in its place, someone handwrote AGordon.@[3]  Bank of New York contends that
Athe judgment was agreed to by all the parties,@ but there is nothing in the record to suggest that Tonna ever agreed
to the judgment.  The transcript of the
trialCin its entiretyCis as
follows:

THE COURT:       Bank of New York
versus Brooks.  What=s up?








[BANK]:             Morning, Your
Honor, we just came to an agreement.

THE COURT:       Okay.

THE COURT:       You=re Mr. Brooks?

MR. BROOKS:     I=m Mr. Brooks.

THE COURT:       You live there
with Tonna, your wife?

MR. BROOKS:     Yes, sir.








As shown by the transcript,
neither party discussed with the trial court the issue of Tonna=s consent to the judgment. 
Moreover, Bank of New York=s attorney stated that Awe just came to an agreement,@ indicating that the agreement was between only those parties present
at the trial. [Emphasis added.]  Because
nothing on the record suggests that Tonna appeared before the court, we
conclude that the agreement was between Bank of New York and Gordon.  See Williams, 568 S.W.2d at 131B32.  Accordingly, we sustain
Tonna=s first issue to the extent that we construe it as arguing that the
court improperly rendered judgment absent her participation and consent.  Because the county court signed the agreed
judgment absent Tonna=s consent,
the judgment is void.  See Sohocki, 897
S.W.2d at 424; see also Williams, 568 S.W.2d at 132 (holding that
because the court rendered a judgment absent the consent of one of the parties,
the judgment was properly set aside); Cook v. Cook, 243 S.W.3d 800, 801,
803 (Tex. App.CFort Worth
2007, no pet.) (holding that the trial court=s judgment on an Aagreed divorce decree@ was void when one party withdrew his consent to the agreement before
the trial court granted the divorce and rendered judgment). 

IV. Conclusion

Having sustained Tonna=s first issue as construed above, we reverse and remand the cause to
the trial court for further proceedings.[4]
 See Cook, 243 S.W.3d at 803; Sohocki,
897 S.W.2d at 424. 

 

PER CURIAM

 

PANEL
B:  HOLMAN, DAUPHINOT, and WALKER, JJ.

 

DELIVERED:  July 3, 2008











[1]See Tex. R.
App. P. 47.4.





[2]The initial notice of appeal filed
on June 4, 2007, stated that ATONNA BROOKS and ALL OCCUPANTS@ desired to appeal the case.  On August, 8, 2007, Tonna amended the notice
of appeal and took out AALL OCCUPANTS@ to reflect that she was the only
person appealing the agreed judgment.





[3]This portion of the judgment reads,
APlaintiff appeared by and through
its designated representative or counsel of record.  Defendant(s), Tonna Gordon Brooks
appeared in person.@





[4]Because we have held that the
judgment is void, we need not address Tonna=s argument regarding the issuance of the writ of possession
or the argument concerning default judgment.