Ralph C. SCHAFER, et al., Petitioners,

v.

C.L. CONNER, et al., Respondents.

No. D–0989.

Supreme Court of Texas.

June 19, 1991.

Rehearing Overruled Sept. 5, 1991.

Vincent A. Gamal, Houston and Myrta Kaye Applewhite, Magnolia, for petitioners.

Ernest Coker, Jr., Conroe, for respondents.

PER CURIAM.

C.L. Conner and others (Conner) developed a mobile home subdivision and sold certain lots to Ralph Schafer and others (Schafer). Schafer sued Conner for breach of contract and for violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) for Conner's failure to satisfactorily develop the subdivision. At a bifurcated trial, the jury found that Conner breached the contract and violated the DTPA and the trial court assessed damages and entered judgment for some plaintiffs while rendering take nothing judgments against other plaintiffs. The prevailing plaintiffs who recovered damages appealed and challenged the adequacy of the damage award. They brought forth only a partial statement of facts and selectively included witness testimony. The court of appeals affirmed in part and reversed and rendered in part. 805 S.W.2d 554. The court of appeals overruled Schafer's factual insufficiency complaints because Schafer failed (1) to bring forth an entire statement of facts and (2) to comply with Tex.R.App.P. 53(d) by including "a statement of the points to be relied on in his request to the court reporter."

■ This court has held that when an appellant complains of the factual or legal sufficiency of the evidence,[1] the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). It is undisputed that Schafer failed to bring forth an entire statement of facts or an agreed statement of facts. Therefore, the court of appeals correctly overruled Schafer's complaints concerning the adequacy of the damages because in the absence of a complete statement of facts, it is presumed that the omitted evidence supports the trial court's judgment. *See Englander Co. v. Kennedy,* 428 S.W.2d at 806; *Woodward v. Higdon,* 643 S.W.2d 470, 471 (Tex.App.— Waco 1982, writ ref'd n.r.e.); *Ruffin v. Ruffin,* 753 S.W.2d 824, 828 (Tex.App.— Houston [14th Dist.] 1988, no writ).

■ Although the court of appeals correctly overruled Schafer's complaints concerning the adequacy of the damages, a majority of the court disapproves the court of appeals' "hypertechnical" interpretation of Tex.R.App.P. 53(d) which would require a statement of points to be relied upon on appeal to be filed *in* rather than *with* appellant's request for a partial statement of facts. *See Alford v. Whaley,* 794 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1990, no writ).[2]

---

1. Schafer argues that there is a distinction between sufficiency of the evidence points of error and points challenging the adequacy of a damage award. Even assuming that there is a distinction, if an entire statement of facts is required to challenge the sufficiency of the evidence, one is equally required to challenge the adequacy of a damage award.

2. We note that this situation is unlike that in *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex. 1990), *rev'g* 775 S.W.2d 764 (Tex.App.—San An-

Accordingly, Schafer's application for writ of error is denied.

tonio 1989), in which it was undisputed that appellant failed to state the points to be relied upon on appeal.