Fisher v. Evans 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-090-CV

     BARBARA FISHER, ET AL.,
                                                                                              Appellants
     v.

     CLIFFORD EVANS, ET AL.,
                                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 87-1478-3
                                                                                                    

O P I N I O N
                                                                                                    

      Barbara Fisher, Fred Lheutzy, Herbert Payne, Jr., Herbert Payne, Sr., Wanda Payne, Dan
Neckar, Steve Neckar, Jr., Mary Neckar, and Ken and Diann Kucera (Appellants) sued Clifford
Evans for, among other things, violations of the Deceptive Trade Practices Act (DTPA),
attorney's fees, and usury. The jury returned a favorable verdict for Appellants. After various
post-trial motions, the court entered a judgment non obstante veredicto for Evans. 
STATEMENT OF FACTS
       Appellants appeal on an incomplete statement of facts. Rule 53(d) of the Rules of Appellate
Procedure provides:
If appellant requests or prepares a partial statement of facts, he shall include in his request or
proposal a statement of the points to be relied on and shall thereafter be limited to such
points. If such statement is filed, there shall be a presumption on appeal that nothing omitted
from the record is relevant to any of the points specified or to the disposition of the appeal. 
The other party may designate additional portions of the evidence to be included in the
statement of facts.
Tex. R. App. P. 53(d) (emphasis added). Appellants' request for a statement of facts is not
contained in the transcript. 
      Appellants acknowledge that they did not comply with Rule 53(d) but contend that
noncompliance merely results in the loss of the presumption that nothing omitted from the record
is relevant. Id. Appellants argue that the partial record submitted to this Court contains more than
a scintilla of evidence supporting the jury's findings and the omitted evidence, even if unfavorable,
cannot be material to this Court's decision.
      An appellant bears the burden of seeing that a sufficient record is presented to show error
requiring reversal. Tex. R. App. P. 50(d). Rule 301 allows the court to enter a judgment non
obstante veredicto "if a directed verdict would have been proper" or to "disregard any jury finding
on a question that has no support in the evidence." Tex. R. Civ. P. 301. Although intrigued by
Appellants' argument that they could sustain their burden of presenting a record showing error,
because even an incomplete statements of facts could contain some evidence that would support
disregarded finding(s), for reasons we will state we do not agree. Likewise, for reasons we will
state, we do not agree that one can successfully use an incomplete statement of facts to attack a
judgment n.o.v. where a directed verdict would have been proper. 
      Evans moved for a judgment n.o.v. on multiple grounds. The grounds included: (1)
assertions that no evidence supported the jury's findings on certain causes of action and (2) Evans'
claim that the evidence conclusively established his affirmative statute-of-limitations defense,
thereby barring Appellants' claims. Both reasons would support a directed verdict. See id.
      In general, to uphold a court's judgment n.o.v., an appellate court must determine that no
evidence supports the jury's findings. Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex.
1990). When reviewing a no-evidence point, an appellate court is limited to reviewing only the
evidence tending to support the jury's verdict and must disregard all evidence to the contrary. Id. 
If more than a scintilla of evidence supports the jury finding, it must be upheld. Id. at 228. 
      When an appellant complains of the legal or factual insufficiency of the evidence, the
appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of
a complete or an agreed statement of facts. Shafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). 
"An appellant must either comply with Rule 53(d) or file a complete statement of facts; otherwise,
it will be presumed that the omitted portions are relevant to the disposition of the appeal." 
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (emphasis added). 
      We have found no Supreme Court authority applying the Shafer and Christiansen rules to the
review of a judgment n.o.v. Some opinions, reviewing a judgment based on findings (as opposed
to a judgment n.o.v.), hold that the omitted portions of the statement of facts support the
"findings"; others speak of supporting the "judgment." Compare Shafer, 813 S.W.2d at 155
("supports the trial court's judgment"), with Englander Co. v. Kennedy, 423 S.W.2d 806 (Tex.
1968) (approving the holding of the intermediate court that the missing evidence "supports the
court's findings"). Here, if the omitted portions support the jury's findings, we would be required
to review Appellants' points. Because we believe that the correct rule is that the omitted portions
support the judgment, we cannot review any of the points. See Shafer, 813 S.W.2d at 155;
Englander, 423 S.W.2d at 807.
      Our interpretation is supported by the Austin Court of Appeals' recent holding that the
presumption in Shafer and Christiansen controls even in cases involving a judgment n.o.v. See
Kwik Wash Laundries, Inc. v. McIntyre, 840 S.W.2d 739, 743 (Tex. App.—Austin 1992, no writ). 
"Failure to follow the Englander presumption . . . would effectively require us to assume that the
missing portions of the record contain nothing relevant to the disposition of the appeal, despite the
fact that the [appealing party] did not comply with Rule 53(d). We decline to do so." Id. 
"[O]mitted portions of the record could demonstrate that the jury's findings and any evidence
supporting those findings were immaterial to the disposition of the case." Id. Thus, without a
complete statement of facts we must presume that the omitted portions of the record are relevant
to and support the judgment. See id.
      We overrule all points and affirm the judgment of the trial court.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 12, 1993
Publish