TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00113-CV

Dr. Edward J. Petrus, Appellant

v.

Dr. Donald J. Daniels, Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 232,062, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING 

 After a trial to the court, the trial court entered a take-nothing judgment against
Edward J. Petrus on his claim that Donald J. Daniels breached a contract to employ him. We will
affirm the judgment.

 In his points of error, Petrus contends that the trial court erred by finding that: (1) 
he was an at-will employee, (2) the contract both parties signed was executory and not
enforceable, (3) Daniels did not sign the contract in his individual capacity, and (4) Petrus was
not an employee of Daniels.

 We must overrule all of appellant's points of error. Though Petrus contends that
he is challenging legal conclusions, the challenged conclusions are all based on resolution of
factual issues. To decide who signed a contract in what capacity and what relationship the
contract created, a court must examine evidence. The supreme court has held that, if an appellant
fails to bring forward a complete statement of facts (now, reporter's record), an appellate court
must presume that the missing portions of the statement of facts support the judgment. Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). Appellant does not claim that the reporter's record
was lost or destroyed. He states plainly in his brief that he chose not to submit a reporter's record
to this Court. Though Petrus attached some documents to his brief, we cannot consider them
absent a showing that they were before the trial court; without a trial-court record or even a
verifying affidavit, there is no showing that the trial court considered the documents in the
appendix. We must conclude that the reporter's record contains sufficient evidence to support the
trial court's findings. We overrule all three points of error.

 We affirm the judgment.

 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith, and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish