PHILLIP DEWAYNE ANDERSON V. STATE

NO. 07-00-0197-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2000

______________________________

PHILLIP DEWAYNE AMERSON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 351
ST
 DISTRICT COURT OF HARRIS COUNTY;

NO. 833,812; HON. MARK ELLIS, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Phillip Dewayne Amerson (appellant) appeals his conviction for theft.  In three points of error, he argues that his plea of guilty was not entered voluntarily, knowingly, and intelligently due to the trial court’s failure to admonish him on the range of punishment in violation of article 26.13 of the Code of Criminal Procedure, Article I, § 19 of the Texas Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution.  We affirm.

Background

Having waived his rights to trial by jury and to have a court reporter record the proceedings, appellant pled guilty in open court to second degree felony theft.  There was no recommendation from the State as to punishment.  At the time of his plea, appellant was admonished in writing by the trial court pursuant to article 26.13 of the Texas Code of Criminal Procedure.  Included in the written admonishments was a paragraph setting forth the range of punishment applicable to a second degree felony (such as that to which appellant pled guilty).  Furthermore, the paragraph was preceded by a short blank in which appellant was to apparently place his initials, thereby indicating his understanding of the paragraph.  However, and unlike other similar blanks throughout the document, appellant’s initials do not appear beside the paragraph.  Rather, the blank and a portion of the paragraph have been circled.  Moreover, the court’s sentence was within the range of punishment described within the circled paragraph.
(footnote: 1) 

Issues

As previously mentioned, appellant argues that his plea of guilty was not entered voluntarily, knowingly, and intelligently due to the trial court’s failure to admonish him about the range of punishment.  Because each of his three points are founded upon the same ground, we address them together.  And, in doing so, we also overrule them for several reasons.  

Law

Under article 26.13 of the Code of Criminal Procedure, defendants entering a guilty plea must be admonished, either orally or in writing, as to certain matters, including the range of punishment.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1) (Vernon1989).  Substantial compliance with article 26.13(a) is sufficient unless the defendant shows he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment given.  
Id.
 at art 26.13(c).  

Application of Law

First, as mentioned above, the admonishments may be either written or oral.  Thus,  to succeed, logic dictates that appellant is obligated to illustrate that neither method was utilized at bar.  This he cannot and did not do for he waived the recording of his plea hearing.  In so waiving the recording of the hearing, he denied us (and himself) the very document needed to determine whether the court orally admonished him.  In other words, without a transcription of the plea hearing, appellant cannot prove, nor can we conclude, that the trial court failed to orally admonish him about the applicable range of punishment, irrespective of any written admonishments executed.  And, if we cannot determine that the trial court failed to orally admonish him, we surely cannot hold that it failed to comply with article 26.13.  
See Schafer v. Conner
, 813 S.W.2d 154, 155 (Tex. 1991) (holding that in the absence of a complete statement of facts, it is presumed that the omitted evidence supports the trial court’s judgment).

Second, evidence that appellant was informed of the applicable range of punishment does appear of record.  One need only read the written admonishment form executed by appellant to discover this.  As previously described, the paragraph containing the applicable range was circled.  This coupled with appellant’s written admission (also contained in the very same document) that he “under[stood] the foregoing admonishments and [was] . . . aware of the consequences of [his] plea” is some evidence illustrating that he was informed about  the applicable range of punishment.   

Accordingly, we affirm the judgment entered below.

Brian Quinn

    Justice

Do not publish.     

FOOTNOTES
1:
An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years
.
  
Tex. Penal Code Ann.
 § 12.33 (Vernon 1994)