NUMBER 13-00-345-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



WILLIAM GLENN KIMBRO AND JANET LASSITER HOLT , Appellants,


v.


THE STATE OF TEXAS , Appellee.



On appeal from the 25th District Court

of Gonzales County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Castillo


Appellants William Glenn Kimbro and Janet Lassiter Holt separately appeal from an agreed judgment of forfeiture. In his
two points of error, Kimbro argues that his counsel provided ineffective assistance and that there was no connection
between the land forfeited and appellants' mineral rights. In her two points of error, Holt claims that agents of the appellee
misled her into signing the agreed judgment, and also claims that her attorney similarly misled her into signing that agreed
judgment. We affirm. 

Facts

On December 8, 1999, a search warrant was executed on appellants' shared residence in Gonzales County. Holt and
Kimbro were taken into custody and charged with attempted manufacture of a controlled substance. See Tex. Health &
Safety Code Ann. §§481.112 - .114 (Vernon Supp. 2001). Subsequently, the State seized property belonging to appellants
on the basis that said property was contraband used or intended to be used for, or proceeds gained from, the commission of
a felony. (1) SeeTex. Code Crim. Proc. Ann. art. 59.01(2), 59.02 (Vernon Supp. 2001). The notice of seizure and intended
forfeiture was served on appellants on December 14, 1999. In the forfeiture proceedings, appellants were jointly
represented by court-appointed counsel. Appellants signed an agreed judgment of forfeiture, giving up their challenge to
the seizure of their property. 

Analysis

No court reporter's record was filed in this case. Appellants failed to request the reporter's record and make arrangement
for payment for the record. We notified appellants of this fact on September 13, 2000 and gave them an opportunity to cure
the error. They failed to take advantage of that opportunity. Therefore, we will address only those issues that do not
require a reporter's record for a decision. Tex. R. App. P. 37.3(c). 

In appellant Kimbro's first point of error, he claims he was prejudiced by the "failure of Appellants [sic] counsil [sic] to
inform defendants of possible defence's [sic] in Forfeiture case, and to investigate same." In appellant Holt's second point
of error, she asserts that "Appellants' lawyer advised Appellants to sign the Agreed Judgement in exchange for the 'promise'
of a less-than ten year sentence, even though Appellants could show that all properties, real and otherwise, were purchased
with legal monies/proceeds." We construe both of these as arguments challenging the effective assistance of their trial
counsel. 

The right to effective assistance of counsel is rooted in the Sixth Amendment of the United States Constitution and hence
applies only to criminal cases and quasi-criminal cases such as juvenile proceedings. Howell v. Dallas County Child
Welfare Unit, 710 S.W.2d 729, 735 (Tex. App.-Dallas 1986, writ ref'd n.r.e.). Complaints regarding ineffective assistance
of counsel have no relevance or application in a civil forfeiture proceeding. Approximately $42,850.00 v. State, 44 S.W.3d
700, 702 (Tex. App.-Houston [14th Dist.] 2001, no pet. h.). Accordingly, we overrule Kimbro's first point of error and
Holt's second point of error. 

In appellant Kimbro's second point of error, he claims that there is "no connection or nexus of the crime to the mineral
rights of said real property 43.130 acres belonging to one of the appellants William Glenn Kimbro." This is an attack on
the sufficiency of the evidence. A reporter's record is necessary to challenge the sufficiency of the evidence to support the
trial court's judgment. Schaefer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). In the absence of a complete reporter's
record, it is presumed that the omitted evidence supports the trial court judgment. Id. 

In appellant Holt's first point of error, she claims that "the officers/agents of Gonzales County led Appellants to believe a
verbal agreement was in order and that by signing the Agreed Judgement, Appellants were taking the first step towards the
'promise' of a less-than ten year sentence." This assertion is not proven by any document contained in the clerk's record,
and therefore the court reporter's record is necessary to resolve this point of error as well.

Conclusion

We overrule appellant Kimbro's first point of error and appellant Holt's second point of error, neither of which required a
reporter's record to rule upon. Appellant Kimbro's second point of error and appellant Holt's first point of error require the
review of a reporter's record for a decision. We conclude that it is appellants' fault that this Court has not been provided
with a copy of the reporter's record. Tex. R. App. P. 37.3(c). Due to the lack of a reporter's record, we affirm the judgment
of the trial court without considering the merits of these two remaining points of error. 

ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 13th day of December, 2001.

1. The seized property included six vehicles, two guns, other personal property, and 43.13 acres of real property. One of
the six vehicles was later returned to appellants.