Opinion issued on May 2, 2001




 








In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00209-CV






BRENDA F. COLEMAN A/K/A BRENDA F. JOHNSON, Appellant


V.


YVETTE D. LEMONS, Appellee






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 9942997






O P I N I O N


 In this breach of contract case, appellant/defendant, Brenda F. Coleman a/k/a 
Brenda F. Johnson, is appealing a jury verdict in favor of appellee/plaintiff, Yvette
D. Lemons. Specifically, appellant claims (1) the evidence was insufficient to
support the judgment and (2) the trial judge erred in the way he submitted the case to
the jury. We affirm.

 Sufficiency of the Evidence

 First, appellant claims the evidence was insufficient to support the judgment. 
When an appellant complains of the factual or legal sufficiency of the evidence, she
cannot discharge her burden to show that the judgment is erroneous in the absence
of a complete or agreed reporter's record. See Schafer v. Connor, 813 S.W.2d 154,
155 (Tex. 1991). In the absence of a reporter's record, the court of appeals presumes
the omitted evidence supports the trial court's judgment. See id. Further, a court of
appeals cannot determine a trial court's ruling was harmful error if it is unable to
review the entire relevant record. See Christian v. Prezelski, 782 S.W.2d 842, 843
(Tex. 1990); see also Harris County v. Smith, 66 S.W.3d 326, 330 (Tex.
App.--Houston [1st Dist.] 2001, pet. filed); B. Smith Contractors, Inc. v. Olshan
Demolishing Co., 877 S.W.2d 460, 464 (Tex. App.--Houston [1st Dist.] 1994, writ
denied). 

 In this case, appellant did not pay for the reporter's record and therefore no
reporter's record was filed. (1) We cannot determine from the record before us whether
the trial court erred and must presume the evidence supports the trial court's
judgment. See Schafer, 813 S.W.2d at 155.

 We overrule appellant's sufficiency points of error.

 Jury Charge Error

 Appellant also claims the trial court erred in the way it submitted the case to
the jury. The abuse of discretion standard governs claims of error in the jury charge.
Tex. Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). Error in the
charge is reversible if, when viewed in the light of the totality of the circumstances,
it amounted to such a denial of the rights of the complaining party as was reasonably
calculated and probably did cause the rendition of an improper judgment. Tex. R.
App. P. 44.1(a); Island Recreational Dev. Corp. v. Republic of Texas Savs. Ass'n, 710
S.W.2d 551, 555 (Tex. 1986); Prather v. Brandt, 981 S.W.2d 801, 810 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). To determine whether an alleged error
in the jury charge is reversible, the reviewing court must consider the pleadings of the
parties, the evidence presented at trial, and the charge in its entirety. Island
Recreational, 710 S.W.2d at 555. 

 In this case, we cannot review the evidence presented at trial because appellant
failed to provide this Court with a reporter's record. 

 Accordingly, we overrule appellant's jury charge points of error.Conclusion

 We affirm the trial court's judgment.

 




 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.4.

 

 
1. Appellant was not entitled to a free record under the rules. Appellant asked us
to proceed with the appeal without the reporter's record. We granted the
request and, after notice to appellant, we ordered that this appeal would be
considered on the clerk's record and briefs alone. Tex. R. App. P. 37.3(c).