IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00196-CV

 

J. D. Miles,

                                                                                    Appellant

 v.

 

L. D. Hawkins,

                                                                                    Appellee

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2003-3643-3

 



MEMORANDUM  Opinion










 

        This is
an appeal on a partial reporter’s record, also known as a “limited appeal.”  See
Tex. R. App. P. 34.6(c).  In
Mount Pleasant Missionary Baptist Church’s vote “to determine who would gain
control over the real property, personal property and funds of the Church,”
Hawkins “and his followers gained control of Church property.”  (Miles Br. at
1.)  Miles, representing the “expelled membership” of the Church, sued for
declaratory judgment against Hawkins, representing the “remaining membership”
of the Church.  (C.R. at 4.)  The jury answered “yes” when asked whether the
vote was “subject to fraud or oppression or bad faith.”  (Id. at 146.) 
Miles sought a judgment declaring that because the vote was “tainted by fraud” the
vote was void, and sought an accounting of Church property.  (Id. at 5.)
 Miles appeals the trial court’s take-nothing judgment in favor of Thomas, the
late Hawkins’s successor in interest.  We affirm.[1]

Limited Appeal

         “If
the appellant requests a partial reporter’s record, the appellant must include
in the request a statement of the points or issues to be presented on appeal
and will then be limited to those points or issues.”  Tex. R. App. P. 34.6(c)(1).  “The appellate court must
presume that the partial reporter’s record designated by the parties
constitutes the entire record for purposes of reviewing the stated points or
issues.”  Id. (4).  The only issue included by Miles in his designation
of the reporter’s record is, “The Trial Court erred in rendering judgment in
favor of Defendant because jury question #4 should not have been submitted to
the jury in the Court’s Charge.”  (C.R. at 180.)  Accordingly, Miles is limited
on appeal to complaints that Question No. 4 should not have been submitted.  We
are careful, however, not to restrict unduly Miles’s ability to present this
appeal by a “hyper-technical” application of that limitation.  See Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); see also Bennett
v. Cochran, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam).

Issues on Appeal

         In
Miles’s three issues, he complains concerning the charge’s Question No. 4,
which asked, “Did the fraud, oppression or bad faith, if any, cause a different
outcome of the vote?”  (C.R. at 148.)  Thomas contends that none of Miles’s
issues is within the scope of Miles’s statement of issues to be presented on
appeal as required by Rule 34.6(c).  We disagree.

        All
three issues raised by Miles argue that Question No. 4 should not have been
submitted to the jury.  In this regard, Miles’s issues would properly be considered
as sub-issues of the single issue in Miles’s statement of issues to be
presented on appeal.  The statement was that “[t]he Trial Court erred in
rendering judgment in favor of Defendant because jury question #4 should not
have been submitted to the jury in the Court’s charge.”  (C.R. at 180.)  The
three sub-issues in Miles’s brief are: (1) that the issue misstated the law;
(2) that the issue was immaterial; and (3) there was “no evidence” that the
jury’s finding of fraud did not cause a different outcome.  (Br. at v.)  We cannot say, and Thomas has not argued, that Thomas was adversely affected by
the more general framing of the issue on appeal in Miles’s statement than in the
more specific arguments in his brief.  

Overview of the Arguments

        Miles argues that “fraud, of
any degree, rendered the vote a void transaction.”  (Br. at 4.)  The
basis of Miles’s argument is that fraud vitiates everything it touches, so that,
because the jury determined in its answer to Question No. 2 that the vote
was subject to fraud, the vote must be disregarded.  For this position, Miles relies
on this Court’s statement that “[f]raud vitiates all transactions” in Libhart
v. Copeland.  Libhart v. Copeland, 949 S.W.2d 783, 794 (Tex.
App.—Waco 1997, no pet.) (quoting Hendryx v. People’s United Church, 84
P. 1123, 1127 (Wash. 1906)).  As further explained below, Miles’s is too broad a
view of what constitutes actionable fraud.  The cause of action for fraud
includes damages as an element.  If the act complained of does not cause some damage—some
harm, some impact, some adverse consequence, some injury—it may be subject to condemnation,
but there is no legal remedy.

Sub-Issues One and Two

        Miles’s first two issues, (1)
that Question No. 4 misstates the law, and (2) that Question No. 4
was immaterial, are resolved by a correct understanding of the excerpt from Libhart
on which Miles relies.[2] 
As Miles says, Libhart holds that “[f]raud vitiates all transactions”
and makes them void.  Libhart, 949 S.W.2d at 794.  But the term fraud,
as used in that phrase from the early part of Libhart’s discussion about
the judiciary’s review of the proceedings of religious organizations, must be
viewed in light of the discussion of fraud and the elements of fraud, discussed
later in the case.

        The elements of fraud, as laid
out in Libhart, include the element of causation of damages.  Libhart
sets out the elements as follows:

       To prove fraud, a plaintiff must show:

(1) the defendant made a material
representation;

(2) which was false;

(3) the defendant made the representation
knowing it to be false or made it recklessly as a positive assertion without
any knowledge of its truth;

(4) the defendant intended that the plaintiff
act upon the representation;

(5) the plaintiff acted in reliance upon the
representation; and 

(6) suffered injury as a result.

Libhart, 949 S.W.2d at 800-801; accord T.O. Stanley
Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 222 (Tex. 1992); Clifton v.
Hopkins, 107 S.W.3d 755, 757 (Tex. App.—Waco 2003, no pet.).

        In Miles’s case, unlike Libhart,
there is no jury question regarding what is traditionally thought of as
“damage” or “injury.”  In this declaratory judgment action, Miles sought no damages
in the form of a money judgment, but rather a determination of who was rightfully
in control of the church property—Miles or Hawkins.  Thus the causation element
of fraud, as applied to the facts of this case, required a determination of
whether the first five elements, as submitted in this charge, resulted in the sixth
element—in essence, whether Miles suffered a resulting injury.  In effect, the
first five elements were asked in Question No. 2, and the causation
element—did the “fraud” cause a different outcome in the vote—was asked in Question
No. 4.

        Additionally, even though the
elements of fraud were part of the instructions accompanying Question No. 2,
the question was phrased in terms of whether the vote was “subject to” fraud, (C.R.
at 146), not whether it constituted fraud.  In the context of this case,
reconciling the answers to Questions Nos. 2 and 4, for example, the answer
to Question No. 2 finds that some of the individual votes were “subject
to” having been obtained by fraud, oppression, or bad faith, but the answer to Question
No. 4 finds that the number of votes secured as a result of fraud was not
sufficient to “cause a different outcome of the vote.”  (See id. at 146,
148.)

        Question No. 4 was not,
on the facts of this case, a misstatement of the law.[3] 
Further, Question No. 4 was not immaterial, because it inquires into the
essential element of injury caused by the act.  While we recognize that the
loss of having individual votes properly cast and counted is important, unless
the votes affected would cause a different outcome in an election, the
individual loss of votes in a situation like this does not result in a legally
cognizable injury.  Accordingly, we overrule Miles’s first and second issues.

Sub-Issue Three

        In Miles’s third issue, he
contends that there was “no evidence” to support the jury’s answer to Question
No. 4, (Br. at 6.), and, therefore, to submit it was error.  Because of the
limitations imposed by Miles’s statement of his issue in this limited appeal,
we understand the issue to be that the trial court should not have submitted
the question because there was no evidence to support a negative answer to the
issue.

        But the fundamental problem in
the presentation of this issue is that the issue as argued on appeal misplaces
the burden of proof on the jury issue.  The charge required that an affirmative
answer be based upon a preponderance of the evidence.  To prevail on the
argument that the jury’s answer “no” to Question No. 4 was supported by no
evidence, Miles, having the burden of proof on the issue, must show that a
“yes” answer was proved as a matter of law and that, for purposes of bringing
it within the issue statement filed with the request to the reporter, the issue
should, therefore, not have been submitted to the jury at all.  See Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

        Miles’s burden on appeal is to
show that there was error in the trial that affected the result.  It is Miles’s
burden to bring forth a sufficient record to make this showing.  We do not
perceive that this rule would be altered by the filing of a limited appeal.  If
we presume there is nothing in the record contrary to the position being argued
by Miles, it is of no help to Miles.  With the burden to establish that the
submission of the issue was erroneous because Miles had established a “yes”
response to the issue as a matter of law, Miles would still be required to
present a record sufficient for us to make this determination.  In essence, Miles
must bring forth some record that contains the evidence by which he conclusively
proved the issue of a resulting injury.

        On the record before us, Miles
is unable to establish that as a matter of law the result of the vote would
have been different absent fraud.  Accordingly, Miles failed to meet the burden
on appeal to show that the submission of the issue was erroneous because there
was no evidence on the issue.[4] 
Accordingly, we overrule Miles’s third issue.

CONCLUSION

        Having
overruled Miles’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed August 1, 2007

[CV06]









        [1]  The full text of the description of the dispute
from Miles’s brief is as follows:

                      Appellant, J. D. MILES,
under the legal doctrine of virtual representation, filed suit against
Appellee, L. D. HAWKINS, who not only represented himself, but the
remaining church members continuing to act as Mount Pleasant Missionary Baptist
Church (the Church) located in Waco, Texas.  (CR 70).  Miles,
representing himself and those who were expelled from the Church, brought suit
against Hawkins complaining of the proprietary of a Church vote that was taken
on or around September 10, 2003.  (CR 71-72).

                      The two competing factions,
represented by the parties herein, took a vote at the Church to determine who
would gain control over the real property, personal property and funds of the
Church.  (CR 71).

(Miles Br. at 1.)





        [2] We assume without deciding that Miles preserved
those issues.  See Tex. R. App.
P. 33.1(a); Tex. R. Civ. P.
274, 278.





        [3] In any event, Miles’s objection was not adequate
to put the trial court on notice of the need to clarify the charge in this
regard.  See Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 274, 278; Carl J.
Battaglia, M.D., P.A. v. Alexander, 177 S.W.3d 893, 903-904 (Tex. 2005).





        [4] Again, we note that Miles’s position on this issue
in reliance on Libhart is that once he proved that the congregation’s
vote was subject to fraud, a showing of no injury would then be an affirmative
defense.  This is evidenced by Miles’s objection to the charge:

         With regard
to Question Number 4, with regard to Question Number 4 concerning did it—did
oppression, bad faith, fraud cause a different outcome in the vote?  Your
Honor, we would say that that also is an affirmative defense.  That affirmative
defense has not been pled nor has it been tried by consent.  There is
absolutely no evidence which would guide the jury to allow them to determine
whether or not the vote—the outcome of the vote would have been one way or the
other absent the fraud of the jurors, as it was an affirmative defense not pled
and not tried by defense.  And there being no evidence or insufficient evidence
of anything having to do with facts which would allow or—allow the jury to come
to an answer to this question, we ask that it be withdrawn.

[sic] (R.R. at
34-35.)  Because we have determined in our resolution of Miles’s first and
second issues that he had the burden to prove injury caused by the conduct of
Hawkins, the trial court properly overruled this objection and submitted the
issue which placed the burden of an affirmative answer on Miles.