

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00649-CV

**MORRELL MASONRY SUPPLY, INC.,**
Appellant

v.

**WESTPORT GROUP, INC.,**
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-00732
Honorable Laura Salinas, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 31, 2013

AFFIRMED

Appellee Westport Group, Inc. ("Westport") filed a lien removal suit against Appellant Morrell Masonry Supply, Inc. ("Morrell"). A portion of Westport's suit was resolved by the granting of Westport's interlocutory summary judgment. The remainder of the suit, which included an award of attorney's fees, was resolved in Westport's favor by a bench trial. Morrell's issues on appeal concern only the award of attorney's fees to Westport in the amount of $7,190.00 and costs in the amount of $258.15. We affirm the trial court's judgment.

Morrell, a masonry supplier, supplied materials to Westport, a contractor, during September and October 2010 for a project in Bexar County. Claiming it had not been paid for materials it furnished, Morrell filed a lien affidavit pursuant to Chapter 53 of the Texas Property Code and a suit to foreclose the lien. Morrell later filed a nonsuit. Westport then filed this suit against Morrell seeking to remove the lien. Westport alleged that the lien as to materials furnished in September 2010 should be removed because Morrell failed to give the proper statutory notice. Westport also alleged that the lien as to materials furnished in October 2010 should be removed because Westport had paid for the materials.

Westport obtained a default judgment on its claims against Morrell, but the default judgment was later set aside. Westport then filed a no-evidence motion for summary judgment. The trial court granted the motion as to the September 2010 materials, but reserved for trial issues related to the October 2010 materials and attorney's fees. Thus, the trial court's granting of the no-evidence summary judgment was interlocutory because it did not dispose of all claims.

On May 10, 2012, a bench trial was held on Westport's remaining claims, resulting in the trial court's order of July 11, 2012. In that order, the trial court recited that "[a]fter due consideration of the evidence, including affidavits and documents in this cause, and the argument of counsel," it found that Westport had paid the October 2010 claim, ordered that the liens relating to that claim be removed, and ordered that Westport be awarded attorney's fees in the amount of $7,190.00 and costs in the amount of $258.15. The trial court also entered findings of fact and conclusions of law in which it found that Westport was entitled to attorney's fees in the amount of $7,190.00 and costs in the amount of $258.15.

Morrell raises two issues on appeal, both of which relate to the trial court's award of attorney's fees to Westport. In its first issue, Morrell states the trial court erred in finding that Westport's attorney's fees were incurred in invalidating the lien under Section 53.156 of the Texas

Property Code. In its second issue, Morrell argues that Westport should not recover "fees for chasing fees." Throughout its brief, however, it is clear that Morrell's complaint on appeal relates to insufficiency of the evidence. Specifically, Morrell claims the following:

- The trial court erred in finding that Westport was entitled to attorney fees against Morrell in the amount of $7,190.00 because the evidence is legally and factually insufficient to support the trial court's conclusion of law number 5 regarding Westport's attorney's fees.
- The Court should grant a new trial because the attorney fees awarded to Westport were not supported by evidence that was legally and factually sufficient to comply with Tex. Prop. Code Ann. § 53.156.
- The record is completely devoid of any evidence in the record to support an attorney's fee award of $7,190.00.
- No evidence appears in the record from the trial held on attorney's fees on May 10, 2012.
- More importantly, there is no evidence in the record that Westport offered any evidence that its fees were incurred in invalidating the lien under Tex. Prop. Code Ann. § 53.156.
- [Westport] failed to segregate and offer any proof specifying the number of hours spent on the lien-removal claim.
- [Westport] failed to tender any proof of the details about the work performed specifically for the lien-removal claim.
- [T]here is no evidence of the $7,190.00 in fees awarded at trial.
- At trial, Westport failed to admit into the evidence any evidence as to its attorney's fees sought in the amount of $7,190.00.
- Westport was awarded attorney's fees of $7,190.00 without any proof in the record to support such fees and without segregation of those fees solely associated with its lien removal efforts . . . .

There is not, however, a reporter's record in this appeal to reflect what evidence was introduced at trial. In its docketing statement filed in this court, Morrell indicated that there was no reporter's record; that none was requested; and that there was no electronic recording of the trial. Thus, Morrell has brought this appeal without ensuring a reporter's record was filed. When an appellant brings a legal or factual sufficiency of the evidence challenge, it is the appellant's burden to show there was insufficient evidence submitted at trial. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). When there is no reporter's record, we presume the evidence presented was sufficient to support the trial court's judgment. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803

(Tex. App.—Dallas 2006, pet. denied). In the absence of a reporter's record, Morrell cannot meet its burden of showing insufficiency of the evidence to support the trial court's award of attorney's fees. We therefore affirm the trial court's judgment.

Karen Angelini, Justice