

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00340-CV

KEIWUAN MITCHELL AND
COQUESSA MITCHELL

APPELLANTS

V.

MARY LOUISE NEWTON

APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2014-004310-1

----------

## MEMORANDUM OPINION[1]

----------

Appellee Mary Louise Newton leased a residence to pro se Appellants Keiwuan Mitchell and Coquessa Mitchell. In August 2014, Newton sued Appellants in county court for damages that they had allegedly caused to the residence. The trial court subsequently conducted a bench trial and signed a final judgment in favor of Newton, finding that Appellants had damaged her

---

[1]See Tex. R. App. P. 47.4.

property and awarding her judgment against Appellants in the amount of $12,000, plus $3,750 for attorney's fees. The judgment expressly states that the trial court considered the testimony, the exhibits, and the credibility of the witnesses. Appellants did not request, nor did the trial court enter, any findings of fact and conclusions of law.

Appellants' first issue states that the trial court erred by excluding "critical evidence," but the body of the argument, liberally construed, raises a legal sufficiency complaint—that Newton presented no evidence that Appellants negligently damaged the residence and that she therefore improperly charged Appellants for the cost to repair what they contend was otherwise normal wear and tear on the residence. Similarly, Appellants argue in their second issue that the evidence is factually insufficient to support the judgment because it would be "unjust and a travesty" to make them cover the costs that Newton incurred repairing or remodeling the residence.

Appellants requested the court reporter to prepare the reporter's record, but they did not ask that the proceedings from the bench trial, if any, be included in the record. The reporter's record contains only the transcript of the brief hearing on Appellants' motion for new trial, which the trial court denied.

Appellants bore the burden to bring forward a record that enables this court to determine whether reversal is required. *See Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.). Issues depending on the state of the evidence—like each of Appellants' issues here—cannot be reviewed

2

without a complete record, including the reporter's record. *See id.* Without a reporter's record of the bench trial upon which to review Appellants' evidentiary-based arguments, we must presume that the evidence supports the trial court's judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) ("This court has held that when an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts." (footnote omitted)); *Petterson v. JGMS Invs. LLC*, No. 05-15-01286-CV, 2016 WL 6124134, at *2 (Tex. App.—Dallas Oct. 20, 2016, no pet.) (mem. op.) ("Without a record of the bench trial, we must assume the 'evidence' admitted at the trial was sufficient to support the trial court's judgment."); *Emesowum v. Morgan*, No. 14-13-00397-CV, 2014 WL 3587385, at *2 (Tex. App.—Houston [14th Dist.] July 22, 2014, pet. dism'd) (mem. op.) (holding similarly).

Accordingly, the evidence is legally and factually sufficient to support the trial court's judgment.[2] We overrule Appellants' two issues and affirm the trial court's judgment.

---

[2]Insofar as Appellants do contend in their first issue that the trial court erroneously excluded certain evidence, in the absence of a reporter's record, we are unable to review the circumstances surrounding its exclusion, including the nature of the evidence, the reason for its exclusion, whether Appellants made an offer of proof, and whether the exclusion, if erroneous, was harmful. *See Fletcher Aviation, Inc. v. Booher*, No. 14-04-00712-CV, 2005 WL 1242395, at *2 (Tex. App.—Houston [14th Dist.] May 26, 2005, no pet.) (mem. op.) (reasoning similarly).

                                        /s/ Bill Meier
                                        BILL MEIER
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DELIVERED:  December 1, 2016