**REVERSE and REMAND and Opinion Filed March 6, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01108-CV

## IN THE INTEREST OF B.Q.L., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-03861**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Reichek

In this appeal, Amber Lancaster challenges the trial court's orders for conservatorship of her child made in a final decree of divorce. Because there is no reporter's record of the trial and the requirements of Texas Rule of Appellate Procedure 34.6(f) have been satisfied, we reverse the divorce decree and remand for a new trial.

Amber Lancaster (Mother) and Jason Lancaster (Father) were married in 2016, and have one child, B.Q.L. In 2020, Mother filed a petition for divorce. She sought to be appointed B.Q.L.'s sole managing conservator. Prior to that, Father's

parents filed a suit affecting the parent–child relationship seeking conservatorship rights. The SAPCR was consolidated into the divorce case.

On June 8, 2021, the trial court held a final bench trial, apparently remotely via Zoom. The final decree of divorce, signed three months later, states the "record of testimony was duly reported by the court reporter for the 255th Judicial District Court." Our record does not include a reporter's record of that proceeding.

In the decree, the trial court appointed Mother, Father, and the grandparents joint managing conservators of B.Q.L., with the grandparents having the right to designate the child's primary residence. Due to Mother's history of alcohol abuse, the trial court ordered that Mother's possession of B.Q.L. is to be supervised, and the court established a step-up schedule governing Mother's access to B.Q.L. Due to Father's history of illegal substance abuse, his possession of and access to B.Q.L. were similarly restricted. The trial court made no express findings as to Mother's or Father's fitness as parents. This appeal followed.

In her first issue, Mother contends the evidence is legally insufficient to support a finding that she is an unfit parent since the trial court appointed her a joint managing conservator. She argues the trial court's failure to find her unfit to act as B.Q.L.'s joint managing conservator precluded the court from granting the grandparents conservatorship rights. She asks this Court to reverse and render judgment denying the grandparents conservatorship rights. In her second issue,

Mother argues the case should be reversed and remanded for new trial since there is no reporter's record of the trial.

We are unable to review Mother's legal sufficiency complaint without a reporter's record. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); *In re A.C.J.*, No. 05-21-00977-CV, 2022 WL 1222677, at *3 (Tex. App.— Dallas Apr. 26, 2022, no pet.) (mem. op.) (missing record precludes court from reviewing challenge to appointment of non-parents as managing conservators). We turn to Mother's issue about the missing record. Texas Rule of Appellate Procedure 34.6(f) governs situations when the reporter's record is lost or destroyed. TEX. R. APP. P. 34.6(f). As is applicable to this appeal, Mother is entitled to a new trial if: (1) she timely requested a reporter's record; (2) without her fault, a significant portion of the court reporter's notes and records has been lost or destroyed; (3) the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and (4) the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties. *Id.*

Mother timely requested the reporter's record from the June 8 trial from Yolanda Atkins, now the former Official Court Reporter for the 255th Judicial District Court. When the reporter's record became past due, we issued a notice to Atkins, directing her to file the record within 30 days. In response, Atkins informed the Court that she was at a doctor's appointment on June 8, 2021. Thereafter, LaToya Young-Martinez, current Official Court Reporter for the 255th Judicial

District Court, informed the Court that there is "no deputy reporter's statement, if there was indeed a sub that day, and also, the Court checked with the Auditor's office and there was no invoice to pay a sub for that day."

In light of these circumstances, on February 8, 2022, we abated the appeal and ordered the trial court to conduct a hearing and make written findings as to: (1) whether the trial was recorded; (2) if so, the name of the reporter who reported it; (3) if so, whether the record can be transcribed; (4) if the record can be transcribed, the date it will be filed; (5) if the record cannot be transcribed, the reason and whether Mother had any fault; (6) if the record cannot be transcribed, whether the record is necessary to the appeal's resolution; and (7) if the record cannot be transcribed, whether the record can be replaced by agreement of the parties. We ordered both Atkins and Young-Martinez to be present at the hearing.

On April 12, 2022, a supplemental clerk's record with the trial court's findings was filed. The trial court found that Atkins, the former court reporter, was the court reporter on June 8, 2021. The court further found that Atkins' testimony at the hearing that she was not present on that day was untruthful. The trial court indicated it had "a Zoom I-cloud recording of the June 8, 2021 Trial." The court also found appellant had no fault in why the record had not been transcribed by Atkins.

We reinstated the appeal, but abated it again because the trial court failed to make all the findings requested in our February 8 order. In a May 5, 2022 order, we instructed the trial court to conduct a second hearing and make written findings

—4—

regarding whether: (1) Atkins' notes from the trial can be transcribed by another court reporter; (2) if so, the date the record will be filed; (3) if not, whether the record is necessary to the appeal's resolution; and (4) if not, whether the record can be replaced by agreement of the parties. We again ordered Atkins and Young-Martinez to be present.

On June 27, 2022, a supplemental clerk's record was filed with the trial court's second set of findings. The trial court found that Atkins stated she had no notes because she was not present at the trial; both attorneys stated the record is necessary to the appeal's resolution, and both attorneys stated the record cannot be replaced by agreement of the parties.

We reinstated the appeal and specifically adopted the trial court's findings that (1) Atkins testified she was not present at the trial held on June 8, 2021; (2) her testimony was untruthful; (3) Atkins was the reporter for the trial; (4) Atkins stated she has no notes from the trial; (5) Mother is not at fault for the reporter's record not being transcribed; (6) the attorneys state the record is necessary to the appeal's resolution; and (6) the record cannot be replaced by agreement of the parties. We ordered the parties to address the findings in their briefs.

Appellees, B.Q.L.'s paternal grandparents, argue Mother is not entitled to a reversal because she was not diligent in obtaining the reporter's record after we issued our May 5, 2022 order. Appellees are under the mistaken impression we ordered the current court reporter to file a record of the June 8, 2021 trial, apparently

–5–

using the Zoom I-Cloud recording the trial court mentioned. They contend Mother should have taken action to enforce our May 5 order. We instead ordered the court reporter to file a reporter's record of the second hearing we ordered. Although the judge who presided over the trial referred to having a video recording of the trial, that judge is no longer on the bench and any recording is effectively unavailable.

The requirements of Rule 34.6(f) have been satisfied in this case. Mother timely requested a reporter's record; without her fault, there are no court reporter notes and records from the trial; and the lost record is necessary to the appeal's resolution and cannot be replaced by agreement of the parties. We sustain Mother's second issue.

Accordingly, we reverse the divorce decree and remand for a new trial.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

211108F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.Q.L., A
CHILD

No. 05-21-01108-CV

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-03861.
Opinion delivered by Justice
Reichek. Justices Nowell and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's final decree of divorce is **REVERSED** and **REMANDED** for a new trial.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of March 2023.