

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BOND

No. 04-24-00367-CV

Anthony **MOORE**,
Appellant

v.

Jo Ann **MOORE**,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 23-04-0279-CVA
Honorable Bob Brendel, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: February 12, 2025

DENIED

Pro se appellant Anthony Moore filed this appeal after the trial court signed the final decree of divorce between Anthony and appellee Jo Ann Moore. In this divorce appeal, Anthony also filed emergency motions requesting various relief, including a request for this court to review the trial court's order setting supersedeas bond pending this appeal. *See* TEX. R. APP. P. 24.4. We deny the motion and affirm the trial court's bond ruling.

## BACKGROUND

The trial court signed the final decree of divorce on May 22, 2024. The trial court also set a supersedeas bond and ordered temporary orders pending an appeal. The trial court set the supersedes bond at $22,125 representing the $20,000 awarded to Jo Ann in the divorce decree as well as the interest for the estimated duration of the appeal. Anthony appealed the final divorce. Anthony also sought this court's review of the trial court's supersedeas bond, claiming it is excessive.[1] This opinion addresses our review of the supersedeas bond.

## SCOPE, STANDARD OF REVIEW, AND APPLICABLE LAW

"Rule 24.4 authorizes appellate courts to engage in a limited supersedeas review, specifically to review (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security." *AME & FE Inv., Ltd. v. NEC Networks, LLC*, 582 S.W.3d 294, 297 (Tex. App.—San Antonio 2017, order) (citations omitted); *see also* TEX. R. APP. P. 24.4. "After completing this limited review, we may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk." *AME*, 582 S.W.3d at 297 (citations omitted); *see also* TEX. R. APP. P. 24.4(d).

A judgment debtor may supersede a judgment while pursuing an appeal by, among other things, filing with the trial court clerk a "good and sufficient bond." TEX. R. APP. P. 24.1(a)(2); *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). A supersedeas bond preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from

---

[1] Anthony Moore originally sought mandamus review when requesting this court review the trial court's supersedeas bond. Noting Anthony could seek relief after a divorce decree was finalized, the court dismissed Anthony's petition for writ of mandamus. *See In re Moore*, No. 04-24-000034-CV, 2024 WL 463358, at *1 (Tex. App.—San Antonio Feb. 7, 2024, orig. proceeding) (mem. op.).

which an appeal is taken. *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 395 n.6 (Tex. 2023).

Among other requirements, the bond must be in the amount required by rule 24.2. TEX. R. APP. P. 24.1(b)(1)(A). When the judgment is for recovery of money, as it is in this case, the bond "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX. R. APP. P. 24.2(a)(1).

A party may challenge a trial court's supersedeas ruling by filing a motion pursuant to Texas Rule of Appellate Procedure 24.4. *Estate of Buchanan*, No. 05-19-01473-CV, 2020 WL 6791524, at *9 (Tex. App.—Dallas Nov. 19, 2020, no pet.) (mem. op.). Under that rule, an appellate court may review, among other things, the sufficiency or excessiveness of the amount of security; but when the judgment is for money, an appellate court must not modify the amount of security to exceed the limits imposed by rule 24.2(a)(1). TEX. R. APP. P. 24.4(a)(1), (5).

We review a trial court's ruling under rule 24 for an abuse of discretion. *AME*, 582 S.W.3d at 297. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or stated differently, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *See id*.

## ANALYSIS

The record before us only consists of the clerk's record as Anthony chose not to request any reporter's records for appellate review as explained in his August 28, 2024 letter to this court. We have reviewed the record before us and conclude that it is insufficient to determine whether

the trial court abused its discretion in setting the supersedeas bond. *See e.g., Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (explaining that without a complete record of the proceedings below, an appellate court cannot properly address the merits of an evidentiary claim). First, there is no motion to the trial court in the appellate record or appended to Anthony's motion filed with this court. Anthony's motion filed here contains a summary of evidence presented at a hearing on the motion, yet we do not have a copy of the reporter's record or even a docket entry indicating that a hearing took place. A trial court's decision regarding a supersedeas bond is evidentiary in nature and reviewed for an abuse of discretion. On this record before us, we cannot conclude that the trial court erred. *Public, Inc. v. Cnty. of Galveston*, 264 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991)) (holding that while an appellant can challenge the sufficiency of the evidence supporting an adverse ruling, an appellant "cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal").

Moreover, the underlying judgment here is for recovery of money, therefore, the bond "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX. R. APP. P. 24.2(a)(1). The supersedeas bond set by the trial court in this case equals the amount of the monetary judgment plus the estimated interest that will accrue during the duration of the appeal. *See id.*

### CONCLUSION

We affirm the trial court's ruling. Anthony's motion to review the trial court's order setting the supersedeas bond pursuant to rule 24.4 is denied. We further lift the stay ordered in our May

28, 2024 stay of the trial court's May 22, 2024 Order Setting Supersedeas Bond and Temporary Orders Pending Appeal and applicable provisions set forth in the final decree of divorce.

Irene Rios, Justice