Opinion issued March 5, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00676-CV

———————————

**LOUIS FRIAS, Appellant**

**V.**

**YOLANDA RIOS, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-71724**

---

## MEMORANDUM OPINION

Appellee Yolanda Rios sued Appellant Louis Frias to quiet title to real property over which she and Frias assert ownership rights. Following a bench trial, the court entered a final judgment in favor of Rios finding that Rios is the sole owner

of the property and holding that any claim by Frias to the property is invalid. Frias, *pro se*, appeals from the trial court's final judgment.

We affirm.

## Issues on Appeal

Appellant argues that the judgment of the trial court should be reversed because the judgment was issued in error. In five issues, he argues the trial court erred in concluding Appellee was the rightful owner of the property because (1) there was "evidence indicating [Appellee] has never paid for any associated costs, including property taxes or funeral expenses," (2) Appellee "presented no receipts or proof to substantiate her allegations of ownership or financial contributions," (3) one of the witnesses who testified at trial offered "false" testimony and thus the "witness's credibility should be re-evaluated," (4) Appellant's criminal background "was brought up during the civil case, which was entirely irrelevant to the ownership dispute and may have prejudiced the outcome," and (5) Appellee "arrived late for court" and the case should have been "dismissed on these grounds."

## Briefing Waiver

Although we construe *pro se* briefs liberally, we hold *pro se* litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *McCann v. Bluewater Investments Inc.*, No. 01-19-00375-CV, 2020 WL 4589747, at *3 (Tex. App.—Houston [1st Dist.] Aug 11, 2020,

2

no pet). Our appellate rules have specific requirements for briefing, requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record." *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.). "'This is not done by merely uttering brief conclusory statements, unsupported by legal citations.'" *McCann*, 2020 WL 4589747, at *3 (quoting *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2022, pet. denied).

In listing and briefing his issues on appeal, Appellant does not provide this Court with appropriate argument, analysis, explanation, or support for his issues. He merely lists his issues without any citation to authorities or meaningful discussion. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal. *Hopes-Fontenot v. Farmers New Worls Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *2 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet). We thus hold that Appellant waived his issues on appeal. *See* TEX. R. APP. P. 38.1(i); *McCann*, 2020 WL 4589747, at *4 (holding pro se appellant waived his issues for failure to provide appropriate argument, analysis, explanation, or support for his issues); *Hopes-Fontenot*, 2013 WL 4399218, at *1 (holding pro se litigant

3

must properly present his case on appeal and that courts may not make allowances or apply different standards for litigants appearing without counsel).

Even if Appellant had not waived his issues on appeal, Appellant would not prevail.

**Failure to Request a Reporter's Record**

The official court reporter notified this Court that Appellant Louis Frias had not requested or made arrangement to pay for the reporter's record. We notified Appellant that the reporter's record was past due and that his appeal could be decided on the clerk's record if he did not request a reporter's record and make arrangement for payment of the record. *See* TEX. R. APP. P. 37.3(c). In response, Appellant filed a letter indicating he wanted "to move forward without the reporter[']s record[ ] [c]ontinuing only on clerk[']s record."

**Discussion**

Without a reporter's record, we are limited to considering only those issues on appeal that do not require a reporter's record for decision. *Id.* Appellant's first three issues challenge the sufficiency of the evidence. Evaluation of the sufficiency of the evidence supporting the trial court's judgment requires that we review the evidence submitted during trial. *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 810–11, 822 (Tex. 2005) (setting out standards of review); *see also Van Ness v. Hobbs*, No. 01-22-00631-CV, 2023 WL 3311124, at *1 (Tex. App.—Houston [1st

4

Dist.] May 9, 2023, no pet.) (mem. op) (same). In the absence of a reporter's record, the trial court's findings of fact are conclusive and we presume sufficient evidence supported any additional necessary findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a [reporter's record]."); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (holding that in absence of reporter's record, "it is presumed that the omitted evidence supports the trial court's judgment"). We thus presume the trial court heard sufficient evidence to support its judgment in favor of Appellee.

To the extent Appellant also argues, as part of this third issue, that one of the witnesses was not credible because he gave false testimony, the trial court, as the finder of fact, is the sole judge of the credibility of witnesses and the weight to give their testimony. *See City of Keller*, 168 S.W.3d at 819. The trial court may choose to believe one witness and to disbelieve another, and we may not impose our own opinion to the contrary. *Id.* We thus overrule Appellant's first three issues.

In his fourth issue, Appellant argues the trial court committed error by admitting testimony about his criminal background. He argues the evidence was not relevant and may have prejudiced the outcome. A reporter's record is required "to preserve evidentiary complaints for appellate review when evidence is introduced in open court." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015) (per

5

curiam). Because there is no written objection to the challenged evidence in the clerk's record, without the reporter's record, we cannot conclude that this issue was preserved. *See* TEX. R. APP. P. 33.1(a) (setting forth preservation requirements for appellate review); *see also Van Ness*, 2023 WL 3311124, at *1 (overruling evidentiary issue on appeal because no reporter's record was filed). We overrule Appellant's fourth issue.

### Conclusion

We affirm the judgment of the trial court.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.